# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-3004

_____

United States of America,

        Appellee,

v.

Pamela J. Walker,

        Appellant.

\*
\*
\*
\*  Appeal from the United States
\*  District Court for the
\*  Northern District of Iowa.
\*
\*
\*

_____

Submitted:  January 11, 2006
Filed:  March 9, 2006

_____

Before WOLLMAN, GIBSON, and ARNOLD, Circuit Judges.

_____

WOLLMAN, Circuit Judge.

Pamela Walker pleaded guilty to conspiracy to defraud.  The district court[1] sentenced her to five months' imprisonment and three years' supervised release. Walker appeals, arguing that the sentence is unreasonable and that the district court erred in taking into account the sentence of Walker's sister and the total amount of loss involved in the conspiracy when it fashioned Walker's sentence.[2]  We affirm.

_____

[1]The Honorable Linda R. Reade, United States District Judge for the Northern District of Iowa.

[2]Walker withdraws her argument that she was denied the benefit of her plea agreement when the district court took into account the total amount of loss associated

Walker pleaded guilty to conspiring with her relatives to commit financial aid fraud in violation of 18 U.S.C. § 371.  In her plea agreement, Walker stipulated that the 2004 version of the U.S. Sentencing Guidelines applied to her case, that her base offense level was six, and that the amount of loss for which she was responsible was between $10,000 and $30,000.  The Presentence Investigation Report (PSR), to which Walker did not object, instead applied the 2000 version of the guidelines because Walker committed her criminal acts while this version of the guidelines was in effect and because applying the 2000 version  would be beneficial to Walker.  Applying the 2000 version of the guidelines, the PSR provided that Walker's base offense level was six and that the amount of loss for which Walker was responsible was between $10,000 and $20,000, resulting in an adjusted offense level of nine.  Taking into account a two-level reduction for Walker's acceptance of responsibility and her criminal history category of three, the appropriate sentencing range was determined to be four to ten months' imprisonment.

In determining Walker's sentence, the district court stated that it was required to consult the 18 U.S.C. § 3553(a) sentencing factors and asserted that it did so.  It also stated that:

> [W]hen we look at the loss regarding Ms. Walker, hers is $10,730.  The government could have pushed to have Ms. Walker responsible for the entire [amount involved in the conspiracy,] $400,000, which would have bumped her sentence up significantly, as well as increased the amount of restitution.  When I have sentenced all of the people involved in this conspiracy, and I guess I have one more left to sentence, I have tried to take into account the -- their involvement based on the dollar loss the government holds them responsible for.  And I agree that in terms of the

with the conspiracy rather than the small portion to which she stipulated in the plea agreement.

dollar amount of the loss, Ms. Walker most closely resembles [her sister] Betty Walker.

Sentencing Tr. at 19. Finally, the district court sentenced Walker to five months in prison and three years of supervised release, within the 2000 advisory guidelines range. Walker now appeals her sentence.

## II.

Walker first argues that the district court imposed an unreasonable sentence because it did not adequately evaluate all of the factors that it was required to consider under 18 U.S.C. § 3553(a). We review for abuse of discretion the reasonableness of the sentence imposed by the district court. United States v. Dieken, 432 F.3d 906, 909 (8th Cir. 2006); see also United States v. Gatewood, No. 05-1865, slip op. at 2, 2006 WL 452902 at *1 (8th Cir. Feb. 27, 2006).

A sentence may be unreasonable if the district court failed to consider a relevant factor that should have received significant weight, gave significant weight to an improper or irrelevant factor, or considered only appropriate factors but nevertheless committed a clear error of judgment by imposing a sentence that lies outside of the range dictated by the facts of the case. United States v. Hadash, 408 F.3d 1080, 1084 (8th Cir. 2005). Although a district court is required to consider each of the § 3553(a) factors in determining the proper sentence to impose, it need not "categorically rehearse each of the [§] 3553(a) factors on the record when it imposes a sentence as long as it is clear that they were considered." Dieken, 432 F.3d at 909. Here, the district court acknowledged that it was required to consider the § 3553(a) factors and confirmed that it did consider them. Although the district court did not discuss each of the factors in detail, we are satisfied that the district court gave them adequate consideration. Id.

Further, a sentence within the guidelines range is presumptively reasonable. United States v. Lincoln, 413 F.3d 716, 717 (8th Cir. 2005). Walker's sentence of five months' imprisonment and three years' supervised release fell within the 2000 guidelines range for the crime to which she pleaded guilty. Additionally, Walker received a lesser sentence than one that would have resulted from the stipulations in her plea agreement under the 2004 guidelines. Walker failed to rebut the presumption that the sentence imposed was reasonable.

## III.

Walker next argues that the district court violated Federal Rule of Criminal Procedure 32 and the Fifth Amendment when, without first giving reasonable notice to Walker, it took into account evidence not in the record when fashioning Walker's sentence. Because Walker raises this issue for the first time on appeal, we review it for plain error. See United States v. Murphy, 248 F.3d 777, 779 (8th Cir. 2001). Under plain error review, we cannot correct an error not raised at trial unless there was an error, it is plain, and it affects substantial rights. United States v. Olano, 507 U.S. 725, 732 (1993); United States v. Pirani, 406 F.3d 543, 550 (8th Cir. 2005) (en banc). If each of these conditions is met, we may exercise our discretion to notice the forfeited error only if the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. Pirani, 406 F.3d at 550.

Sentencing judges exercise wide discretion in the types of evidence that they may consider in determining defendants' sentences. Williams v. New York, 337 U.S. 241, 246 (1949) (cited with approval in Blakely v. Washington, 542 U.S. 296, 304-05 (2004)). This latitude is manifested in 18 U.S.C. § 3553(a) and Federal Rule of Criminal Procedure 32, which provide for the consideration of evidence outside of the trial record in sentencing a defendant. See also Williams, 337 U.S. at 246. Rule 32 provides, however, that before a district court may impose a sentence, it must provide the defendant and her attorney with an opportunity to speak on the defendant's behalf.

-4-

Fed. R. Crim. P. 32(i)(4). Further, to give meaning to this opportunity to speak, a district court must reasonably notify the parties if it contemplates departing from the sentencing guidelines range on a ground not identified for departure in the presentence report or a prehearing submission. Fed. R. Crim. P. 32(h); <u>Burns v. United States</u>, 501 U.S. 129, 138-39 (1991). This is consistent with the notice requirements of the Fifth Amendment. <u>Cf.</u> <u>United States v. Egenberger</u>, 424 F.3d 803, 805 (8th Cir. 2005) (noting that the core concepts of the Fifth Amendment are notice, foreseeability, and the right to fair warning).

Walker, in essence, argues that this rule requiring notification for departures should be extended to require a district court to reasonably notify the defendant if it contemplates relying on evidence outside of the record in sentencing the defendant within the guidelines range. This concern of notice is not at issue in Walker's case, however, because Walker was put on constructive notice that the district court might consider her codefendants' sentences in sentencing her. Indeed, § 3553(a)(6) mandates that a district court consider the "need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U .S.C. § 3553(a)(6). Accordingly, the district court properly considered Walker's sister's sentence. Because Walker had adequate notice, the district court did not violate Rule 32 or Walker's Fifth Amendment rights.

Finally, we disagree with Walker that the district court considered the total amount of loss involved in the conspiracy when determining her sentence. The district court merely referenced the $400,000 in comparing Walker's situation to the situations and sentences of her codefendants as required under 18 U.S.C. § 3553(a)(6). If the district court had relied on the $400,000 amount instead of the lesser amount to which Walker stipulated, Walker's adjusted offense level would have been thirteen instead of nine, triggering a sentencing range of eighteen to twenty-four months. <u>Compare</u> U.S.S.G. § 2F1.1(b)(1)(d) (2000) (providing for a three-level increase when the offense involved more than $10,000) <u>with</u> U.S.S.G. § 2F1.1(b)(1)(J) (2000)

(providing for a nine-level increase when the offense involved more than $350,000). Instead, the district court imposed a significantly lesser sentence.

We conclude that because the district court properly considered Walker's sister's sentence and did not rely on the total amount of loss involved in the conspiracy in fashioning the sentence, no error, plain or otherwise, occurred during the sentencing process.

The judgment is affirmed.

_____