# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-3735

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff - Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Nebraska. |
| Tyrone V. Thomas, | * | |
| | * | |
| Defendant - Appellant. | * | |

_____

Submitted: May 17, 2006
Filed: July 21, 2006

_____

Before LOKEN, Chief Judge, JOHN R. GIBSON and COLLOTON, Circuit Judges.

_____

JOHN R. GIBSON, Circuit Judge.

Tyrone Thomas appeals from the sentence imposed after he pleaded guilty to possessing with intent to distribute five grams or more of a mixture or substance containing a detectable amount of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B). The district court[1] sentenced him to 262 months' imprisonment, followed by eight years of supervised release. Thomas argues on appeal that his sentence is unreasonable under the sentencing factors set out in 18 U.S.C. § 3553(a)

_____

[1]The Honorable Richard G. Kopf, United States District Judge for the District of Nebraska.

because the district court did not properly take into account his limited mental capacity. We affirm.

We review the district court's sentencing decision for reasonableness. <u>United States v. Hadash</u>, 408 F.3d 1080, 1083 (8th Cir. 2005). A sentence within the advisory guidelines range is presumptively reasonable, although that presumption may be rebutted if the sentence is inconsistent with the factors listed in 18 U.S.C. § 3553(a). <u>United States v. Cadenas</u>, 445 F.3d 1091, 1094 (8th Cir. 2006). We may reverse a sentence "if the district court failed to consider a relevant factor that should have received significant weight, gave significant weight to an improper or irrelevant factor, or considered only appropriate factors but nevertheless committed a clear error of judgment by imposing a sentence that lies outside of the range dictated by the facts of the case." <u>United States v. Walker</u>, 439 F.3d 890, 892 (8th Cir. 2006). Thomas argues that the district court erred under § 3553(a) by failing to provide for a sentence that was "not greater than necessary" to achieve the goals of sentencing and that properly took into account his "personal characteristics."

Thomas's presentence investigation report determined that he was a career offender with a criminal history category of VI and calculated his advisory sentencing guidelines range to be between 262 and 327 months' imprisonment. Thomas did not object to the report or move for a downward departure under the Sentencing Guidelines. However, he made a motion requesting that the district court use its discretion under <u>United States v. Booker</u>, 543 U.S. 220 (2005), to deviate from the guidelines range based on the factors in § 3553(a). Thomas argued that his "marginal intellectual functioning" was a characteristic which should be considered under § 3553(a)(1). He presented an evaluation by a psychologist who diagnosed him with antisocial personality disorder and found him to have a full-scale IQ of 63, a verbal IQ of 60, and a performance IQ of 74. The psychologist's report concluded that these intellectual deficits might interfere with Thomas's judgment, but that his test results appeared to "slightly underestimate his intellectual functioning" and that it was

unlikely that Thomas was unable to "know or appreciate the wrongfulness of his behavior regarding possession of the controlled substance."

We find nothing in the record to indicate that the district court committed error by refusing to grant the motion and sentencing Thomas at the bottom of the guidelines range. The court understood that the guidelines were advisory and that it should fashion a sentence by reference to the factors listed in § 3553(a). The court discussed the psychologist's report with counsel and carefully considered whether Thomas's mental capacity warranted a lower sentence in light of those statutory factors. However, the court determined that in light of the nature of the offense, Thomas's history and characteristics, as well as the statutory goals of sentencing, including protecting the public, a sentence within the guidelines range was appropriate. Because Thomas has failed to overcome the presumption that his sentence was reasonable, we affirm the judgment of the district court.

_____