**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 06-4170**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

CHAD ERIC SIMPSON,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Graham C. Mullen, Senior District Judge. (3:01-cr-00189-MU)

Submitted:  October 25, 2006          Decided:  December 8, 2006

Before MICHAEL and SHEDD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Chiege O. Kalu Okwara, LAW OFFICE OF CHIEGE O. KALU OKWARA, Charlotte, North Carolina, for Appellant. Gretchen C. F. Shappert, United States Attorney, Charlotte, North Carolina; Amy E. Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Chad Eric Simpson appeals the sentence he received after we remanded his case for resentencing under United States v. Booker, 543 U.S. 220 (2005). Simpson pled guilty to conspiracy to traffic in cocaine, methamphetamine, and Ecstasy (Count One), aiding and abetting a kidnapping (Count Two), and aiding and abetting the brandishing of a firearm in violation of 18 U.S.C. § 924(c) (2000) (Count Six). Initially, he received concurrent sentences of 210 months for the conspiracy and kidnapping, and a consecutive seven-year sentence for the § 924(c) conviction, a total sentence of 294 months imprisonment. On remand, the district court imposed a sentence of 181 months for the conspiracy and kidnapping, with a consecutive seven-year sentence, for a total of 265 months imprisonment. The sentence represents a downward variance of twenty-nine months from the bottom of the guideline range. Simpson contends on appeal that the sentence imposed on remand violated the Sixth Amendment and was also unreasonable. We affirm.

Simpson first maintains incorrectly that, following Booker, facts that increase the offense level must be proved beyond a reasonable doubt. The remedial portion of Booker specifically rejected this approach. Booker, 543 U.S. at 246. After Booker, the sentencing court continues to make factual findings concerning sentencing factors by a preponderance of the evidence. United

- 2 -

States v. Morris, 429 F.3d 65, 72 (4th Cir. 2005), cert. denied, 127 S. Ct. 121 (2006).  In imposing a sentence post-Booker, courts still must calculate the applicable guideline range, after making the appropriate findings of fact, and consider the range in conjunction with other relevant factors under the guidelines and 18 U.S.C. § 3553(a) (West 2000 & Supp. 2006).  United States v. Moreland, 437 F.3d 424, 432 (4th Cir.), cert. denied, 126 S. Ct. 2054 (2006).  The sentence must be within the statutorily prescribed range and reasonable.  United States v. Hughes, 401 F.3d 540, 547 (4th Cir. 2005).

Although Simpson concedes that the district court "recognized the Guidelines as advisory," he argues that the sentence imposed on remand violated the Sixth Amendment because the district court did not consider the factors set out in § 3553(a) in determining his sentence, and thus apparently treated the guidelines as mandatory.  This argument is without merit.  The Sixth Amendment error that occurred at the first sentencing was cured by Simpson's resentencing under an advisory guideline scheme.  In resentencing Simpson after Booker, the district court explicitly treated the guidelines as advisory.  The court sentenced Simpson only after considering the sentencing guidelines, the § 3553(a) factors, and counsel's arguments.  Although the district court did not recite facts to support each § 3553(a) factor, the court need not "explicitly discuss every § 3553(a) factor on the record."

<u>United States v. Johnson</u>, 445 F.3d 339, 345 (4th Cir. 2006). There is no doubt that the court considered the § 3553(a) factors because the court determined that a variance sentence was appropriate based on its consideration of the factor set out in § 3553(a)(6), that is, "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct."

Next, citing the objections to the presentence report he filed before his first sentencing, Simpson contends that the district court erred in finding (1) that the object of the kidnapping was an attempt to kill the victim, (2) that the victim was physically restrained and received permanent or life-threatening injury, and (3) that Simpson was not entitled to a minor role adjustment. In the first appeal, we did not address the merits of Simpson's challenge to these sentence enhancements. <u>See</u> <u>Hughes</u>, 401 F.3d at 556 n.15 (appeals court need not address claimed guideline calculation errors in every case before vacating and remanding for resentencing under <u>Booker</u>). To the extent that Simpson is renewing his challenge to the district court's calculation of the guideline range, we conclude that the court's findings were not clearly erroneous. The ultimate object of the kidnapping was to kill the victim, Andy Wolagiewicz, as evidenced by co-defendant Tommy Payseur's order that Joshua Caldwell and Thomas Lee, Jr., take Wolagiewicz into the woods and "do him," and

their subsequent attempt to cut Wolagiewicz's throat. Failing that, they stabbed him multiple times in the neck so that he would bleed to death. Wolagiewicz was physically restrained when, after he endured a beating lasting several hours, Simpson, Caldwell, and Lee wrapped him in a sheet and plastic trash bags, put him in the trunk of Simpson's car, and transported him from North Carolina to South Carolina, where the attempted murder took place. Although Wolagiewicz survived, the district court did not clearly err in finding that his injuries were life-threatening. Simpson had more than a minor role in the offense because he took part in beating Wolagiewicz, burned him with a heated knife, and drove the car in which Wolagiewicz was transported to the site where the attempted murder occurred.

Finally, Simpson argues that the court erred in finding that the sentences received by those co-defendants who, like him, were convicted of kidnapping, averaged 181 months imprisonment, and that none of them received consecutive 84-month sentences. According to the district court docket sheet, Payseur was sentenced to 78 months for the kidnapping, and 84 months consecutive for the § 924(c) conviction; Lee received 87 months and a consecutive 84 months; and Caldwell received a sentence of 151 months and a consecutive 84-month sentence.[*] Payseur, Lee, and Caldwell all

_____

[*]Payseur, Lee, and Caldwell did not plead guilty to conspiracy. Michael Miller received a sentence of 151 months for the drug conspiracy.

- 5 -

received downward departures for substantial assistance. The record does not reflect what their guideline ranges were before the departures. Therefore, we cannot say, on this record, that the district court erred in finding that the co-defendants' average sentence was 181 months. The court incorrectly stated that none of the co-defendants received consecutive 84-month sentences, although defense counsel had previously informed the court that they did. The court's misunderstanding on this point, however, likely resulted in a lower sentence for Simpson, rather than a higher one, and does not provide a basis for remanding the case for resentencing.

Simpson contends that his sentence is unreasonable because the district court did not indicate how it arrived at the guideline range or which § 3553(a) factors it considered. He also argues that his sentence is unreasonable by comparison with the sentences imposed on his co-defendants. A post-<u>Booker</u> sentence may be unreasonable for procedural and substantive reasons. "A sentence may be procedurally unreasonable, for example, if the district court provides an inadequate statement of reasons . . . . A sentence may be substantively unreasonable if the court relies on an improper factor or rejects policies articulated by Congress or the Sentencing Commission." <u>Moreland</u>, 437 F.3d at 434 (citations omitted). While a district court must consider the various factors in § 3553(a) and explain its sentence, it need not discuss every

§ 3553(a) factor.  Johnson, 445 F.3d at 345.  Even if the sentence exceeds the advisory guideline range, it will generally be deemed reasonable "if the reasons justifying the variance are tied to § 3553(a) and are plausible."  Moreland, 437 F.3d at 434.

"[A] district court's explanation should provide some indication (1) that the court considered the § 3553(a) factors with respect to the particular defendant; and (2) that it has also considered the potentially meritorious arguments raised by both parties about sentencing."  United States v. Montes-Pineda, 445 F.3d 375, 380 (4th Cir. 2006), petition for cert. filed, July 21, 2006 (No. 06-5439).  "[I]n determining whether there has been an adequate explanation, [the Court does] not evaluate a court's sentencing statements in a vacuum"; rather, "[t]he context surrounding a district court's explanation may imbue it with enough content for [the Court] to evaluate both whether the court considered the § 3553(a) factors and whether it did so properly." Id.

We conclude that the district court's explanations of its reasons for sentencing Simpson satisfied these standards.  The court made findings concerning the guideline range at the first sentencing which were not challenged substantively at the resentencing hearing.  The record shows that the district court considered  the § 3553(a) factors in imposing the sentence, and decided that a variance was appropriate because of the lower

sentences imposed on Simpson's co-defendants. The court imposed a sentence that was twenty-nine months lower than the bottom of the guideline range. Contrary to Simpson's assertions, we conclude that the variance sentence imposed by the district court was "selected pursuant to a reasoned process in accordance with the law." United States v. Green, 436 F.3d 449, 457 (4th Cir.), cert. denied, 126 S. Ct. 2309 (2006). We further conclude that the extent of the variance was reasonable. The reasons justifying the variance are plausible and the district court's explanation provided sufficient indication that it considered the § 3553(a) factors and considered the arguments both parties made at sentencing. See Moreland, 437 F.3d at 434; Montes-Pineda, 445 F.3d at 380.

Finally, Simpson maintains that the sentence violated the Sixth Amendment because the district court adhered to the sentencing enhancements made at the first sentencing hearing based on its own fact findings, rather than on facts charged in the indictment or admitted by Simpson. Simpson relies on United States v. Milam, 443 F.3d 382, 387 (4th Cir. 2006) (holding that a defendant's failure to object to a recommendation in a presentence report cannot be taken as an admission of facts underlying recommendation). Milam does not apply in this case because, although Simpson made no objections to the facts in the presentence report on remand, the district court did not treat those facts as

admitted.  Instead, the court adhered to the findings of fact it made at the first sentencing.  Because the court treated the guidelines as advisory, there was no constitutional error.

We therefore affirm the sentence imposed by the district court.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED