**UNITED STATES of America,**

v.

**Thai Hong DOAN, Defendant.**

**No. 1:06cr463, 525(JCC).**

United States District Court,
E.D. Virginia,
Alexandria Division.

March 12, 2007.

Robert Lee Jenkins, Jr., Bynum & Jenkins PLLC, Alexandria, VA, for Defendant.

Kelli Marie Ferry, Office of the U.S. Attorney, Alexandria, VA, for Plaintiff.

## *MEMORANDUM OPINION*

CACHERIS, District Judge.

### (STATEMENT OF REASONS)

This matter is before the Court for sentencing.

### I. Background

On December 14, 2006, Defendant, Thai Hong Doan, pled guilty to Count One of his indictment charging (1) Conspiracy to Distribute 500 Grams of Methamphetamine and MDMA and 50 Kilograms or More of Marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and 846, and (2) Possession with the Intent to Distribute a substance containing MDMA and Methamphetamine weighing more than 500 grams, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A). The pre-sentence report prepared for Doan places him as a category II offender with a total offense level of 39 after the application of enhancements for his role in the offense and obstruction of justice, but the denial of a reduction for acceptance of responsibility. This offense level yields an advisory guideline range of 292 to 365 months.

### II. Standard of Review

Imposing a post-*Booker* sentence under the advisory guidelines is a multi-step process. *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005); *United States v. Moreland,* 437 F.3d 424, 432 (4th Cir.2006). First, the district court "must correctly determine, after making appropriate findings of fact, the

applicable guidelines range." *Id.* The court then considers whether a sentence within that range "serves the factors set forth in § 3553(a) and, if not, select[s] a sentence that does serve those factors." *United States v. Green*, 436 F.3d 449, 456 (4th Cir.2006). In selecting a sentence outside the advisory guidelines range, the court should first consider whether appropriate grounds for a departure exist. *United States v. Davenport*, 445 F.3d 366, 370 (4th Cir.2006). When "an appropriate basis for departure exists, the district court may depart." *Moreland*, 437 F.3d at 432. If the resulting range still does not serve the factors set forth in § 3553(a), the court may impose a variance sentence. *Davenport*, 445 F.3d at 370. It is under this multi-step framework that the Court will proceed in its analysis.

### III. Analysis

Defendant objects to the pre-sentence report on two grounds. First, Defendant moves this Court to reduce his offense level pursuant to his acceptance of responsibility under USSG § 3E1.1. Second, Defendant requests a sentence outside the advisory guideline range based upon the factors articulated in 18 U.S.C. § 3553(a). The Court will address these arguments in sequence.

#### A. *Acceptance of Responsibility*

■ As to acceptance of responsibility, Application Note 4 to § 3E1.1 provides:

Conduct resulting in an enhancement under § 3C1.1 (Obstructing or Impeding the Administration of Justice) ordinarily indicates that the defendant has not accepted responsibility for his criminal conduct. There may, however, be extraordinary cases in which adjustments under §§ 3C1.1 and 3E1.1 may apply.

USSG § 3E1.1, comment. (n.4). Defendant has stipulated to an obstruction of justice enhancement on the grounds that he contacted others to persuade them to lie about his connection to the criminal activity for which he was inevitably convicted. Furthermore, in an interview with a probation officer, Defendant did not appear to appreciate the significance of his role and referred to himself only as a "middle-man" doing work for a friend. Whether characterized as a middle-man or not, Defendant was the only one who contacted the source of supply for the ecstacy in Philadelphia. He negotiated prices, directed others to pick-up, and arranged the appropriate payment for the drugs. Defendant was hardly a "middle-man" as that phrase connotes an insignificant courier. Instead, he was continuously involved in an ongoing drug conspiracy by ensuring the procurement of the supply to be distributed. As clearly stated in the application note cited above, only in extraordinary cases may an acceptance of responsibility be granted also where an obstruction of justice enhancement is appropriate, and such extraordinary circumstances do not exist here. Accordingly, the Court finds Defendant is not entitled to a reduction for acceptance of responsibility.

In conclusion, the Court finds that Defendant's total offense level is 39 with a criminal history category of II, yielding an advisory guideline range of 292 to 365 months.

#### B. *Defendant's request for sentence outside Guideline range*

■ In response to this guideline range, Defendant moves this Court for a sentence outside the guideline range based upon the factors of § 3553(a). Section 3553(a) provides that a court shall impose a sentence "*sufficient, but not greater than necessary*" to reflect the seriousness of the

offense, promote respect for the law, provide just punishment, afford adequate deterrence, protect the public from further crimes, and provide adequate treatment to the defendant. 18 U.S.C. § 3553(a)(2). After a deliberate and painstaking consideration of all the 3553 factors, this Court holds that a sentence of 292 months is greater than necessary. Accordingly, the Court will grant a variance to Defendant's sentence. In coming to this conclusion, the Court considered numerous factors:

### (1) The Need for the Sentence Imposed

Section 3553(a) is clear. A sentencing court shall impose a sentence sufficient, but not greater than necessary, to (1) reflect the seriousness of the offense; (2) promote respect for the law; (3) provide just punishment; (4) afford adequate deterrence; (5) protect the public; and (6) provide the defendant with treatment.

At Defendant's sentencing hearing, the Government's position was that a sentence of anything less than 292 months was inadequate to serve these goals. The Court cannot agree. This Court is unable, in good conscience, to hold that a sentence of 210 months, or 17.5 years, fails to reflect the seriousness of the offense, fails to promote respect for the law, fails to provide just punishment, fails to afford adequate deterrence, and fails to protect the public. It is upon this inability that the Court's decision firmly rests. How an additional 82 months incarceration will achieve these goals when 210 months will not, this Court cannot articulate or even fathom. To hold otherwise, this Court would be forced to admit to "unreasonableness"—the very standard against which this sentence is ultimately judged. *United States v. Hughes*, 401 F.3d 540, 546–47 (4th Cir. 2005).

### (2) The Need to Avoid Unwarranted Sentence Disparities Among Similarly Situated Defendants

To be clear, this Court's decision to grant a variance rests upon a consideration of all the § 3553(a) factors, especially the need to impose a sentence that is sufficient, but not greater than necessary, to achieve § 3553(a)(2)'s objectives. Additionally, Section 3553(a)(6) also weighs on the Court's decision, which requires a sentencing court to consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6). In the instant case, Defendant's similarly situated co-Defendant received a sentence of 135 months, while, as stated above, Defendant faces a significantly more severe guideline range of 292 to 365 months.

Before the Supreme Court's decision in *Booker*, a sentencing disparity among co-defendants' was not alone sufficient grounds for a departure from the corresponding guideline range. *United States v. Ellis*, 975 F.2d 1061, 1066 (4th Cir.1992). Still, after *Booker*, it is clear that merely noting that a co-defendant received a lesser sentence is insufficient to establish an unwarranted sentencing disparity. *United States v. Montes–Pineda*, 445 F.3d 375, 380 (4th Cir.2006). However, *Booker* did not render the sentencing landscape unchanged. Now that a district court is obligated to directly confront all of the § 3553(a) factors, "comparison of sentences has become a permissible part of the overall sentencing determination." *United States v. Newsom*, 428 F.3d 685, 688 (7th Cir.2005). Contrary to the Government's assertion at sentencing that every court to address the issue has stated that only a nationwide view may be used, many courts have expressly ruled that § 3553(a)(6) permits, or in some cases, requires, a comparison of co-defendants' sen-

tence disparity.[1] Furthermore, the United States Court of Appeals for the Fourth Circuit has also allowed the consideration of a co-defendant's sentence as a factor when determining a particular Defendant's sentence.[2]

This Court does not dispute the value in looking nationwide to similarly situated criminal defendants of similar culpability that have committed similar acts resulting in similar convictions with similar backgrounds and with similar records under similar circumstances. To view such data would likely be helpful in a determination of this particular Defendant's sentence, although impossibly burdensome to assemble. In fact, this Court is unaware of any such database from which such data can easily be obtained, and inevitably, the argument that a district court should only look to similarly situated defendants' nationwide when considering § 3553(a)(6) is unmasked as simply another argument for the uniformity achieved by strict and total adherence to the advisory guidelines. This Court is entirely familiar with the benefits of uniformity, but uniformity must not be gained at the total expense of another equally important principle—proportionality—with which uniformity has an inverse relationship. In gauging such proportionality, district courts may, and often do, consider the sentence of a similarly situated co-defendant. To believe that district courts do not make such considerations is an exercise in naivety. Accordingly, this Court finds that such consideration is proper, and the Court will carefully proceed with considering Defendant's similarly situated co-Defendant's sentence.

Defendant's brother, co-Defendant, and co-conspirator clearly represents a similarly situated individual with a "similar record [ ] who [has] been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6).[3] Both Defendant and his brother were teammates in the same conspiracy; both pled guilty, not forcing the Government to meet its burden at trial; both were convicted of the same criminal conduct, and both have more than insignificant criminal histories: Defendant is a category II of-

---

1. *See, e.g., United States v. Walker,* 439 F.3d 890, 893–94 (8th Cir.2006)(holding that § 3553(a)(6) requires consideration of co-defendant sentence disparity); *United States v. Parker,* 462 F.3d 273, 277 (3d Cir.2006)(holding that "[a]lthough § 3553(a) does not require district courts to consider sentencing disparity among co-defendants, it also does not prohibit them from doing so. So long as factors considered by the sentencing court are not inconsistent with those listed in § 3553(a) and are logically applied to the defendant's circumstances, we afford deference to the court's 'broad discretion in imposing a sentence within a statutory range'" (citing *Booker,* 543 U.S. at 233, 125 S.Ct. 738)); *United States v. Newsom,* 428 F.3d 685, 688 (7th Cir.2005). *See also, United States v. Wills,* 476 F.3d 103, 109–110 (2d Cir.2007)(expressing agreement with the Third Circuit's approach in *Parker,* permitting consideration of co-defendants' sentence disparity). *But see United States v. Davis,* 437 F.3d 989, 997

(10th Cir.2006) (co-defendant comparisons are not permitted).

2. *See United States v. Simpson,* 209 Fed.Appx. 279, 283 (4th Cir.2006)(affirming a district court's downward variance "because of the lower sentences imposed on [defendant's] co-defendants" and stating that the sentence was "selected pursuant to a reasoned process in accordance with the law." (citing *United States v. Green,* 436 F.3d 449, 457 (4th Cir. 2006))); *United States v. Gomez,* 215 Fed. Appx. 200, 202–203 (4th Cir.2007)(affirming a district court's downward variance pursuant to § 3553(a)(6) after comparing a defendant's potential sentence to sentences received by co-defendants).

3. The other co-Defendants (or co-conspirators) had little or no criminal history, and thus were eligible for "safety valve" reductions in their sentences.

fender, and his brother is slightly worse as a category III.

Nevertheless, despite his brother's more severe criminal history and the numerous similarities between the two, Defendant faces a potential sentence of 292 to 365 months, while his brother received a sentence of 135 months as authorized by his advisory guidelines range.

This disparity is not inexplicable. Both Defendants' base offense level was 34. Defendant's brother, as a category III, received an acceptance of responsibility reduction (three levels) without any other enhancements. This properly yielded a total offense level of 31 and a guideline range of 135 to 168 months.

On the other hand, Defendant, as a category II, stipulated to enhancements for obstruction of justice (two levels) and as a manager/supervisor (three levels), and did not receive the acceptance of responsibility reduction. This properly yielded a total offense level of 39 and a guideline range of 292 to 365 months. All enhancements, all reductions, and all calculations were proper in yielding these ranges.

This Court does not dispute that Defendant deserves a greater punishment than his co-Defendant brother based upon his conduct that resulted in two enhancements and no reductions. Nevertheless, the facts before the Court establish that the two were teammates in this conspiracy—with Defendant as the supplier and his brother as the distributor. This Court recognizes that Defendant may not have been as cooperative as his brother and also was somewhat of a manager of the group. This lack of cooperation and leadership role should (and will) yield a greater punishment. However, this Court cannot hold that Defendant is so culpable as to require a term of incarceration of 292 months, a sentence more than double of his co-Defendant brother, who had a worse criminal history, yet received 135 months. As a result, this analysis clearly demonstrates that § 3553(a)(6) weighs extraordinarily in favor of a variance in Defendant's sentence.

### (3) *Other § 3553(a) Factors*

After considering the remaining factors under § 3553(a), the Court finds that they neither weigh in favor of or against a variance in Defendant's sentence. *See United States v. Johnson*, 445 F.3d 339, 345 (4th Cir.2006)(a district court need not "explicitly discuss every § 3553(a) factor on the record.") The remaining factors are just as adequately served, if not more so, by the sentence received by Defendant.[4]

### IV.  Conclusion

For these reasons, the Court finds that Defendant's guideline range of 292 to 365 months does not adequately serve the factors set forth in 18 U.S.C. § 3553(a). To impose such a sentence would be far greater than necessary to achieve the goals articulated in § 3553(a)(2). Accordingly, the Court finds that a variance is appropriate to serve these § 3553(a) factors, and will impose a sentencing range of 210 to

---

**4.**  At his sentencing hearing, the Court gave Defendant the opportunity to speak on his behalf. As a district court, the Court is often tasked with the difficult duty at sentencing to decipher when defendants feign regret for their actions in hopes of receiving a lesser sentence and when defendants genuinely express true, unmistakable regret. Although already having arrived at its decision to grant a variance, the Court's decision was reinforced upon finding that Defendant expressed genuine, heartfelt regret for his actions, not because of their resulting in his incarceration, but because they were wrong and had negative ramifications on his family and society.

262, ultimately resulting in term of incarceration of 210 months.