# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

Nos. 06-3125/07-1194

_____

United States of America,          *
                                   *
            Appellee,              *
                                   *    Appeal from the United States
    v.                             *    District Court for the
                                   *    District of Nebraska.
Joshua Thorpe, also known as Juice,    *    [UNPUBLISHED]
                                   *
            Appellant.             *

_____

Submitted: December 3, 2007
Filed: December 6, 2007

_____

Before WOLLMAN, COLLOTON, and BENTON, Circuit Judges.

_____

PER CURIAM.

Joshua Thorpe, who was found guilty by a jury of conspiring to distribute a mixture containing cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1) and 846, and possessing a firearm in furtherance of a drug-trafficking crime, in violation of 18 U.S.C. § 924(c), appeals the sentence imposed by the district court [1] following a remand for resentencing. At the August 2006 resentencing, the district court found by a preponderance of the evidence that Thorpe's drug offense involved at least 500 grams but less than 1.5 kilograms of cocaine base, departed to a Category II criminal

_____

[1]The Honorable Lyle E. Strom, United States District Judge for the District of Nebraska.

history under U.S.S.G. § 4A1.3, and calculated an advisory Guidelines range of 210-262 months on Count 1. The court sentenced Thorpe to consecutive prison terms of 210 months on Count 1 and 60 months on Count 2, and concurrent supervised release terms of 5 years and 3 years, respectively.

Thorpe's counsel has moved to withdraw and has filed a brief under Anders v. California, 386 U.S. 738 (1967), arguing that the district court abused its discretion by imposing an unreasonable sentence. Thorpe filed a separate notice of appeal (NOA) (which initiated Appeal No. 07-1194), and has filed a supplemental pro se brief asserting ineffective assistance of counsel, and a motion for appointment of new counsel.

Thorpe's pro se NOA was untimely filed. Accordingly, we dismiss Appeal No. 07-1194 for lack of jurisdiction. See Fed. R. App. P. 4(b)(1) (10-day filing period in criminal case); 4(b)(4) (district court may extend time to file NOA for period not to exceed thirty days from expiration of time otherwise prescribed); United States v. Carter, 990 F.2d 402, 403 (8th Cir. 1993) (per curiam) (despite court's granting of motion to extend time to file NOA, NOA is untimely after the expiration of forty days from the entry of final judgment and "there is nothing either the trial court or the court of appeals can do to extend the time for filing notice of appeal"; timely filing of NOA is mandatory and jurisdictional).

We review the overall reasonableness of Thorpe's sentence for an abuse of discretion, and we note that the presumption of reasonableness most certainly applies given that Thorpe received a sentence at the bottom of the Guidelines range calculated after a downward departure. See Rita v. United States, 127 S. Ct. 2456, 2462-63 (2007) (approving presumption); cf. United States v. Harris, 493 F.3d 928, 932 (8th Cir. 2007) (sentence within advisory Guidelines range is presumptively reasonable). We also conclude that the district court did not abuse its discretion. See United States v. Haack, 403 F.3d 997, 1003-04 (8th. Cir. 2005) (listing circumstances in which

abuse of discretion may occur). The district court understood the Guidelines as advisory, recognized its authority to depart (and, in fact, did depart), and concluded after considering the 18 U.S.C. § 3553(a) factors that there was no basis for a sentence below the advisory Guidelines range. See United States v. Hawk Wing, 433 F.3d 622, 631 (8th Cir. 2006) (district court should follow three steps in sentencing: determine appropriate Guidelines range, determine if a departure is warranted, and consider the § 3553(a) factors); United States v. Thomas, 454 F.3d 904, 905 (8th Cir. 2006) (sentence at the bottom of the Guidelines range affirmed where district court understood Guidelines were advisory and that it should fashion sentence by reference to § 3553(a) factors).

Having reviewed the record independently under Penson v. Ohio, 488 U.S. 75 (1988), we conclude that there are no nonfrivolous issues. We decline to address Thorpe's ineffective-assistance argument on direct appeal. See United States v. Ramirez-Hernandez, 449 F.3d 824, 827 (8th Cir. 2006) (court will consider ineffective assistance of counsel on direct appeal when record has been fully developed, where not to act would amount to plain miscarriage of justice, or where counsel's error is apparent). Accordingly, we affirm in Appeal No. 06-3125, grant counsel's motion to withdraw, and deny Thorpe's motion for appointment of counsel. As previously stated, Appeal No. 07-1194 is dismissed for lack of jurisdiction

_____