# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-1044

_____

United States of America,                    *
                                             *
            Appellee,                        *
                                             *  Appeal from the United States
      v.                                     *  District Court for the
                                             *  Eastern District of Missouri.
Buddy Blagg,                                 *
                                             *  [UNPUBLISHED]
            Appellant.                       *

_____

Submitted: September 25, 2008
Filed:  November 10, 2008

_____

Before MURPHY, BOWMAN, and BENTON, Circuit Judges.

_____

PER CURIAM.

      Buddy Gene Blagg pled guilty to one count of Felon in Possession of Firearms, 18 U.S.C. § 922(g)(1), and one count of Possession of an Unregistered Firearm, 26 U.S.C. §§ 5841, 5861(d), and 5871.  The district court[1] imposed a 46-month sentence. Blagg appeals, claiming sentencing error.  Jurisdiction being proper under 28 U.S.C. § 1291 and 18 U.S.C. § 3742, this court affirms.

_____

[1] The Honorable Rodney W. Sippel, United States District Judge for the Eastern District of Missouri.

Blagg contends that the district court based his sentence on disputed and unreliable hearsay about threats in the presentence investigation report. We review de novo the district court's construction and application of the Sentencing Guidelines, and review for clear error any factual findings regarding enhancements. *United States v. Wintermute*, 443 F.3d 993, 1004 (8th Cir. 2006).

The district court explicitly stated that it did not find that Blagg made the threats. The court did not rely on hearsay statements in determining the sentence. *Cf. United States v. Fennell*, 65 F.3d 812, 813-14 (10th Cir. 1995) (reversing a sentence where "the district court's finding [for a sentence enhancement] was based upon hearsay evidence"); *United States v. Reynolds*, 49 F.3d 423, 426 (8th Cir. 1995) (finding error where the court "made some judgment as to the truth of the out of court allegations").

Blagg argues that the court made an adverse inference from his failure to testify at the sentencing hearing. This argument is unsupported by the record.

Blagg challenges his sentence as unreasonable. He alleges that the court erred by not granting his request for departures based on an overstated criminal history under U.S.S.G. § 4A1.3, or for an overstated offense level under U.S.S.G. § 5K2.0. "We will generally not review a decision not to grant a downward departure unless the district court had an unconstitutional motive or erroneously thought that it was without authority to grant the departure." *United States v. Johnson*, 517 F.3d 1020, 1023 (8th Cir. 2008) (*citing United States v. Frokjer*, 415 F.3d 865, 874-75 (8th Cir. 2005)).

Blagg also requested a downward variance based upon 18 U.S.C. § 3553(a) factors. Determining the Guidelines range to be 46 to 57 months, the court imposed a 46-month sentence on each count to run concurrently, followed by three years of supervised release and a special assessment of $200. Blagg asserts that the district court failed to give appropriate weight to his age, employment, diminished likelihood of recidivism, and personal characteristics. This court reviews sentencing decisions

for abuse of discretion. *See United States v. Garcia*, 512 F.3d 1004, 1006 (8th Cir. 2008) (*citing Gall v. United States*, 128 S.Ct. 586, 597 (2007)). A sentence within the Guidelines range is presumptively reasonable on appeal. *Id*. (*citing Rita v. United States*, 127 S.Ct. 2456, 2462 (2007)). The district court listened to Blagg's arguments and considered each of the § 3553(a) factors. The district court did not abuse its discretion when sentencing Blagg. *See United States v. Thomas*, 454 F.3d 904, 905 (8th Cir. 2006) (sentence at the bottom of the Guidelines range affirmed where district court understood Guidelines were advisory and that it should fashion sentence by reference to § 3553(a) factors).

The judgment of the district court is affirmed.

_____