

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-27-2009

# USA v. McKinney

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-2717

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"USA v. McKinney" (2009). *2009 Decisions*. Paper 1476.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1476

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

———

No. 08-2717

———

UNITED STATES OF AMERICA

v.

JONATHAN J. McKINNEY,
Appellant

———

On Appeal from the United States District Court
for the District of Delaware
(D.C. No. 1-07-cr-00093-1)
District Judge: Honorable Sue L. Robinson

———

Submitted Under Third Circuit LAR 34.1(a)
April 21, 2009

Before: SCIRICA, Chief Judge, SLOVITER, and FISHER, Circuit Judges

(Filed : April 27, 2009)

———

OPINION

———

SLOVITER, <u>Circuit Judge</u>.

Jonathan McKinney appeals his sentence following his entry of a guilty plea to possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2). McKinney argues that his sentence is unreasonable because the District Court gave undue weight to the Sentencing Guidelines, relied on facts outside the record, and abused its discretion in imposing conditions of supervised release.

**I.**

Because we write primarily for the parties, our recitation of the facts is brief. McKinney received via computer from Paul Thiellmann thirty-two images of child pornography and a one-minute video of a prepubescent girl of about ten years old performing masturbation and fellatio on an adult male. At the sentencing hearing, Dr. Timothy Foley, an expert on the evaluation and treatment of sex offenders, testified that McKinney's criminal offense was secondary to his serious drug addiction problem, that there was no indication that McKinney had a preference for prepubescent children, and that he did not have symptoms that sex offender treatment would help. He opined that drug treatment would take care of his illegal behavior. McKinney urged the court to impose a non-prison sentence with placement at a drug treatment program. Instead, the District Court sentenced McKinney to forty-two months imprisonment, within the applicable Guidelines range of thirty-seven to forty-six months, followed by five years of supervised release, with eight special conditions of supervision, one requiring drug

2

treatment and seven sex-offender specific conditions. McKinney appeals the sentence and several conditions of supervised release.[1]

## II.

We review a sentence for reasonableness under a deferential abuse-of-discretion standard. *Gall v. United States*, 128 S.Ct. 586, 594 (2007). In evaluating reasonableness, we must determine whether the District Court "gave meaningful consideration" to the factors set forth in 18 U.S.C. § 3553(a). *United States v. Cooper*, 437 F.3d 324, 329 (3d Cir. 2006). The District Court need not "discuss and make findings as to each of the § 3553(a) factors if the record makes clear the court took the factors into account in sentencing." *Id.* Our review of the District Court's application of the § 3553(a) factors is deferential. *Id.* at *330.*

We review a District Court's imposition of a special condition of supervised release for abuse of discretion when the defendant objected to it at sentencing. *United States v. Crandon*, 173 F.3d 122, 127 (3d Cir. 1999). We review only for plain error when it was imposed without objection. *United States v. Voelker*, 489 F.3d 139, 143 n.1 (3d Cir. 2007).

## III.

McKinney first argues that the sentence is unreasonable because the District Court

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 18 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

gave undue weight to the Guidelines while failing to consider other § 3553(a) factors. He points to the District Court's statements that the Guidelines take into account many of the § 3553(a) factors except the history and characteristics of the defendant and that this court does not "give much, if any, weight" to the history and characteristics of the defendant. App. at 23. The record makes clear, however, that the District Court gave meaningful consideration to the § 3553(a) factors. The Court stated that it would consider McKinney's history and characteristics and discussed both negative and positive elements of McKinney's personal history and characteristics. It noted that McKinney's "history, which includes drugs, which includes guns, and now which includes these conversations with identifiable victims, does not give the Court a great deal of comfort." App. at 94. The Court also articulated its basis for finding that the within-Guidelines sentence was appropriate, stating that it reflects the serious nature of the offense, will protect the public from the defendant and deter future similar conduct, and was consistent with the sentences imposed in the series of cases involving other recipients of child pornography from Thiellmann, which would avoid unwarranted disparities.

McKinney argues that the District Court improperly relied on facts outside the record when it referenced other individuals it sentenced in connection with receiving child pornography from Thiellmann, and that he did not receive the required notice that the District Court would consider the sentences of these defendants. Because McKinney did not object at sentencing, our review is for plain error. *United States v. Nappi*, 243

4

F.3d 758, 760 (3d Cir. 2001). We reject McKinney's contention because it is evident that he had adequate notice. *See United States v. Walker*, 439 F.3d 890, 893 (8th Cir. 2006) (finding constructive notice that district court might consider co-defendants' sentences in light of § 3553(a)(6)'s mandate that district court must consider the need to avoid unwarranted sentencing disparities among defendants). Although the other defendants referred to by the District Court were not McKinney's co-defendants, he was aware of other defendants associated with Thiellmann and that the court, in accordance with § 3553(a)(6), would consider the sentences of similarly situated defendants.

McKinney's principal challenge is to the District Court's imposition of conditions of his five-year term of supervised release. Any special condition of supervised release must be "'reasonably related'" to the factors set forth in 18 U.S.C. § 3553(a), "must impose 'no greater deprivation of liberty than is reasonably necessary' to deter future criminal conduct, protect the public, and rehabilitate the defendant,'" and "must be supported by some evidence that the condition imposed is tangibly related to the circumstances of the offense, the history of the defendant, the need for general deterrence, or similar concerns." *Voelker*, 489 F.3d at 143-44 (quoting 18 U.S.C. § 3583(d)). Although the district court "should state on the record its reasons for imposing any such condition," *United States v. Pruden*, 398 F.3d 241, 249 (3d Cir. 2005), if the Court fails to do so "we may nevertheless affirm the condition if we can 'ascertain any viable basis for the . . . restriction in the record before the District Court . . . on our own.'" *Voelker*, 489

5

F.3d at 144 (quoting *United States v. Warren*, 186 F.3d 358, 367 (3d Cir. 1999)).

First, McKinney challenges the condition that he participate in mental health treatment with emphasis on sexual offenses, relying on Dr. Foley's testimony that he does not have symptoms that would benefit from sex offender treatment. However, mental health treatment with a focus on sexual offenses reasonably relates to the nature and circumstances of McKinney's offense of possession of child pornography, as well as his history of engaging in sexually explicit on-line chats regarding sexual abuse of children.

McKinney next challenges the condition that he submit to random polygraph examinations. We held in *United States v. Lee*, 315 F.3d 206, 213 (3d Cir. 2003), that a condition of supervised release requiring submission to polygraph examinations regarding the offender's compliance with the terms of supervised release does not infringe upon the Fifth Amendment right against self-incrimination. In *Lee*, we also found that the polygraph condition was reasonably related to the protection of the public and the defendant's rehabilitation, could be beneficial to the defendant's supervision and treatment, and did not impose a greater deprivation of liberty than necessary because the defendant was already directed to report to and provide truthful answers to the probation officer. *Id.* at 217. For the same reasons, the District Court did not abuse its discretion in imposing the polygraph examination condition on McKinney.

McKinney also challenges the condition restricting his contact with children as contrary to our decision in *Voelker* and granting too much discretion to the probation

6

officer in implementing the condition. This case differs from *Voelker*, where we rejected the lifetime ban on any unsupervised contact with children, including Voelker's own children, because it delegated to the probation officer absolute authority for deciding if Voelker could ever have contact with children. 489 F.3d at 154-55. In contrast, the condition on McKinney is limited to a five-year restriction from "engaging in any occupation, business, profession or volunteer activity that includes contact with children without prior written permission of the probation officer." App. at 6. This condition suffers from none of the concerns we held were presented in *Voelker*. In light of McKinney's offense of possessing child pornography and his conversations about sexual fantasies involving a neighbor child and other children, the condition is reasonably related to the § 3553(a) factors and narrowly tailored to result in no greater deprivation than necessary to protect the public and ensure McKinney's appropriate supervision.

For the same reason, we reject McKinney's challenge to the condition that, for the five-year term of his supervised release, McKinney cannot possess or use a computer with internet access or possess a device capable of transmitting child pornography without the approval of the probation officer. Unlike the "extraordinary breadth" of the lifetime ban on all computer and internet use imposed on Voelker, *Voelker*, 489 F.3d at 144, McKinney's five-year condition is comparable to the three-year restriction on internet connections only subject to probation officer approval that we upheld in *United States v. Crandon*, 173 F.3d 122, 127-28 (3d Cir. 1999). In *Voelker* we contrasted *Crandon*, where

7

we upheld the condition as reasonably related to the aims of deterring recidivism and protecting the public and as narrowly tailored to Crandon's conduct, which included contacting a child with whom he had sexual relations over the internet. *See Voelker,* 489 F.3d at 146.

Because McKinney's conduct involved mechanisms of internet communications rather than merely accessing child pornography websites, the restriction subjecting all internet use to prior approval is narrowly tailored and does not involve greater deprivation of liberty than necessary.

Finally, McKinney challenges the restriction on materials depicting or describing sexually explicit conduct as defined in 18 U.S.C. § 2256(2). He argues the condition prevents his exercise of his constitutional right to view legal adult erotica and there is no explanation in the record connecting the restriction to his offense. This restriction requires not only a nexus to the goals of supervised release, but also that its rehabilitative, deterrent, or penological purpose is "balanced against the serious First Amendment concerns endemic in such a restriction." *Voelker*, 489 F.3d at 151. We vacated an identical restriction in *Voelker* because there was no evidence in the record that sexually explicit materials involving only adults contributed to Voelker's offense, or that viewing such material would cause him to re-offend, as well as because of the First Amendment concerns. *Id.* at 151-53.

The District Court provided no explanation of a nexus between the prohibition on

all sexually explicit materials and a purpose of McKinney's supervised release. McKinney sent Thiellmann pictures of his genitals, but the record contains nothing else to suggest that materials depicting sexually explicit conduct involving only adults contributed to McKinney's offense or that viewing such material would cause him to re-offend. We are not satisfied that such a broad restriction is warranted. We will therefore vacate the special condition restricting McKinney from possessing or viewing any materials depicting or describing sexually explicit materials, and remand so that the District Court can provide a fuller explanation for the need for this condition of supervised release.

**IV.**

For the above-stated reasons, we will affirm the District Court's sentence,[2] except that we will vacate the special condition of supervised release restricting any materials depicting and or describing sexually explicit conduct.

---

[2] We have considered the 28j letter dated April 20, 2009 but do not agree with McKinney that anything in this court's opinions in *United States v. Olhovsky*, No. 07-1642, or *United States v. Tomko*, No. 05-4997, counsels a different result in this case.

9