**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 19-1409 & 19-1520
_____

UNITED STATES OF AMERICA

v.

BRIAN WILSON, A.K.A. FUNDAYL WAKIM
                                    Appellant 19-1409

UNITED STATES OF AMERICA

v

MARK BOWER, A.K.A. KENNETH FLOWERS
                                    Appellant 19-1520

_____

Appeal from the United States District Court
For the District of Delaware
(Nos. 1-16-cr-00093-003, 1-16-cr-00093-001)
District Judge: Honorable Leonard P. Stark

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
September 24, 2020

Before: McKee, Jordan, Rendell, *Circuit Judges*.

(Opinion filed: April 2, 2021)

_____

OPINION[1]

---

[1] This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

McKee, *Circuit Judge*.

In this consolidated appeal, Mark Bower (a.k.a. Kenneth Flowers) and Brian Wilson (a.k.a. Fudayl Wakim)[2] claim the District Court erred in denying suppression motions and in imposing sentences following their convictions for charges arising from their conspiracy to distribute large quantities of cocaine. For the following reasons, we will affirm.

## I.

Bower challenges the scope and substance of the affidavit of probable cause that supports the search warrant for his residence and claims that the seized evidence is not admissible under the good faith exception to the exclusionary rule.[3]

Probable cause requires a finding that there is a "fair probability that contraband or evidence of a crime will be found in a particular place."[4] Our review of the District Court's determination that there was a "substantial basis" to believe probable cause existed is plenary.[5] Nevertheless, we afford "great deference" to the authorizing magistrate's determination regarding probable cause.[6]

Bower seizes upon the fact that the allegations in the affidavit were not in chronological order and argues that "the slapdash nature of the affidavit successfully

---

[2] "Wakim" is Wilson's legal name. We will refer to Wilson as Wakim in the text of this opinion because that is how the parties refer to him in their briefs. We will, however, refer to his brief as "Wilson's Br."

[3] Bower Br. at 8.

[4] *Illinois v. Gates*, 462 U.S. 213, 238 (1983).

[5] *Id*. at 238-39 (citing *Jones v. United States*, 362 U.S. 257, 271 (1960)).

[6] *United States v. Hodge*, 246 F.3d 301, 305 (3d Cir. 2001).

camouflaged the absence of probable cause."[7] We do not, of course, grade an affidavit for organization or style. Rather, we need only determine if the totality of averments establish probable cause to search and describe the premises to be searched and evidence to be seized with sufficient particularity.[8] Despite any shortcomings, the disputed affidavit contained information from confidential informants, intercepted phone calls and surveillance of Wakim entering Bower's residence following controlled buys of illegal drugs.[9] Bower focuses on two inconsistencies in the affidavit in arguing that the evidence should have been suppressed.[10] However, notwithstanding any inconsistencies, the averments based upon a wiretap and physical surveillance were sufficient to establish probable cause to search his residence.[11]

Moreover, even if probable cause had not been established, the evidence seized from his residence clearly fell within the good faith exception to the warrant requirement. Evidence obtained using an invalid warrant is still admissible if "an officer executes a search in objectively reasonable reliance on a warrant's authority."[12]

## II.

Wakim challenges the admissibility of statements made during telephone calls while he was in jail, the testimony of the Special Agent, the court's reliance on acquitted

---

[7] Bower Br. at 8.
[8] *United States v. Conley*, 4 F.3d 1200, 1208 (3d Cir. 1993).
[9] Search Warrant Affidavit, Appellant Mark Bower's App. 39-63.
[10] Bower Br. at 11-12.
[11] March 13, 2018 Mem. Order, Appellant Mark Bower's App. 14.
[12] *United States v. Zimmerman*, 277 F. 3d 426, 436 (3d Cir. 2002) (quoting *Hodge*, 246 F.3d at 307).

3

conduct at sentencing, and the purported lack of notice that the court would rely upon information from his co-defendants in imposing his sentence.

## A. Admission of Phone Calls

Wakim argues that his Fifth Amendment right was violated in admitting calls in which he instructed friends to invoke their Fifth Amendment privilege.[13] However, any such Fifth Amendment violation pertains to the Fifth Amendment rights of the persons Wakim counseled. It would not violate his Fifth Amendment rights.[14]

Wakim further asserts that the admission of defense counsel's Fifth Amendment advice denigrated his attorney and thereby undermined Wakim's Sixth Amendment rights.[15] The record does not support that claim. Moreover, Wakim's attorney skillfully used any such insinuation to his advantage during his closing argument, as set forth in Wakim's own brief.[16] In addition, to the extent that any testimony may have raised some kind of negative inference regarding defense counsel, it was sufficiently addressed by the court's limiting instruction which defense counsel requested and approved.[17]

Wakim contends that even absent a constitutional violation, these calls should have been excluded under Federal Rule of Evidence 403 because any probative value was outweighed by their prejudicial impact.[18] We presume admissibility when reviewing a

---

[13] Wilson's Br. at 22.
[14] *United States v. Gallagher*, 576 F.2d 1028, 1039 (3d Cir. 1978).
[15] Wilson's Br. at 23.
[16] Wilson's Br. at 20
[17] *See United States v. Maury*, 695 F.3d 227, 256-57 (3d Cir. 2012) (discussing invited error doctrine, wherein a defendant waives his right to complain on appeal of errors with instructions that he specifically requested).
[18] Wilson's Br. at 25.

record for an abuse of discretion under Rule 403.[19] This presumption is only overcome by finding that admission of the evidence was "arbitrary or irrational,"[20] and the resulting prejudice was harmful.[21]

Here, the District Court listened to the calls and concluded they were relevant to Wakim's consciousness of guilt. Although the probative value was not substantial, we do not believe that it was so inconsequential that the court abused its discretion in allowing the evidence. Moreover, any possibility of undue prejudice was substantially mitigated by the District Court's limiting instruction. Although "allowing testimony to show consciousness of guilt is very close to the limit of [a] judge's discretion,"[22] given the totality of the circumstances surrounding admission of the calls, we do not believe the court abused its discretion under Rule 403. Moreover, even if we assume the court erred in its Rule 403 balancing, the error was harmless given the substantial evidence of Wakim's role in this drug trafficking conspiracy.

## B. Admission of Special Agent's Testimony

Wakim also asserts that the District Court abused its discretion under Rule 701 by permitting the Special Agent to testify.[23] More specifically, Wakim argues that the

---

[19] *United States v. Cross*, 308 F.3d 308, 323 (3d Cir. 2002) ("Evidence cannot be excluded under Rule 403 merely because its unfairly prejudicial effect is greater than its probative value. Rather, evidence can be kept out only if its unfairly prejudicial effect 'substantially outweigh[s]' its probative value." (citation omitted) (alteration in the original).

[20] *United States v. Bailey*, 840 F.3d 99, 117 (3d Cir. 2016) (quoting *United States v. Schneider*, 801 F.3d 186, 198 (3d Cir. 2015)).

[21] *Id.* at 124.

[22] *Gallagher*, 576 F.2d at 1039.

[23] Wilson's Br. at 25.

Special Agent's lay witness testimony was used to "attribute a greatly enhanced quantity of drugs" to Wakim by filling in any gaps in the government's evidence.[24] We review admission of the evidence that was not objected to for plain error.[25]

Federal Rule of Evidence 701 permits lay witnesses to provide opinions where the testimony is "rationally based" upon their own perception or experience and "helpful to clearly understanding the witness's testimony or to determining a fact in issue."

The Special Agent's testimony here was based on his personal knowledge and helped connect the dots between multiple pieces of evidence. This is permissible so long as it does not "opine[] on ultimate issues of guilt, make[] assertions of fact outside of the officer's personal knowledge, or delve[] into aspects of the investigation in which he did not participate."[26] Wakim does not contend that the Special Agent opined on ultimate issues of guilt, and his counsel was able to fully cross-examine the Agent. Thus, the Agent's testimony was clearly within the permissible boundaries defined in *Lacerda*.

## C. Issues at Sentencing

Wakim's contention that it was improper for the District Court to consider acquitted conduct to determine his sentence[27] is clearly contrary to the law of this Circuit and needs no discussion.[28]

---

[24] Wilson's Br. at 37.
[25] Fed. R. Crim. P. 52(b).
[26] *United States v. Lacerda*, 958 F.3d 196, 208 (3d Cir. 2020).
[27] Wilson's Br. at 40.
[28] *See United States v. Ciavarella*, 716 F.3d 705, 735-36 (3d Cir. 2013); *see also United States v. Smith*, 751 F. 3d 107, 117 (3d Cir. 2014) (holding that the U.S. Supreme Court's decision in *Alleyne v. United States*, 570 U.S. 99 (2013), which Wakim relies on in his

Wakim does not contend that his sentence was substantively unreasonable. He does argue that his sentence was procedurally unreasonable and a violation of his due process rights because the court factored in his codefendant's sentence without providing his counsel notice.[29] He argues that counsel clearly informed the court that he was unable to effectively represent his client due to a lack of information regarding the sentencing of the codefendants.[30]

In deciding upon an appropriate sentence, the District Court considers the factors in 18 U.S.C. § 3553(a), such as "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct."[31] Thus, counsel was on notice that conduct of codefendants could be considered in imposing Wakim's sentence. Indeed, it is hard to imagine a scenario where a sentencing court would not consider the conduct of a defendant's coconspirators when imposing a sentence.[32]

---

argument, does not alter the ability of the district court to "engage in additional factfinding, using a preponderance-of-the-evidence standard, to select an appropriate sentence up to the statutory maximum . . .").

[29] Wilson's Br. at 47.

[30] Wilson's Br. at 56. ("This procedural due process error was clear and obvious. Although defense counsel did not register a technical objection, at various times through the proceeding he expressed his inability to effectively represent his client without more information."). Given this statement in his brief, we cannot determine if Wakim is conceding that counsel did not object or if he is arguing that a timely objection was made. However, as we explain, there was no error. The standard of review is therefore irrelevant.

[31] 18 U.S.C. § 3553(a)(6).

[32] *See United States v. Walker*, 439 F.3d 890, 893 (8th Cir. 2006) (stating that a defendant is constructively put on notice regarding consideration of co-defendants' sentences given 18 U.S.C. § 3553(a)(6)).

**IV.**

For the foregoing reasons, we will affirm the District Court's judgment regarding all issues raised by both Appellants.