# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-1450

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff - Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the Northern |
| | * | District of Iowa. |
| Douglas Jose Cadenas, also known | * | |
| as Jose Ramiro Marin-Ramirez, | * | |
| | * | |
| Defendant - Appellant. | * | |

_____

Submitted: January 9, 2006
Filed: April 26, 2006

_____

Before WOLLMAN, JOHN R. GIBSON, and ARNOLD, Circuit Judges.

_____

JOHN R. GIBSON, Circuit Judge.

Douglas Jose Cadenas pled guilty to unlawfully re-entering the United States after being removed for an aggravated felony conviction in violation of 8 U.S.C. § 1326(a) and (b)(2). On appeal he argues that his sentence of 46 months' imprisonment was unreasonable because the district court[1] should have given more weight to several of the factors listed in 18 U.S.C. § 3553(a) and less to the advisory guideline range of 46 to 57 months. We affirm.

_____

[1]The Honorable Linda R. Reade, United States District Judge for the Northern District of Iowa.

Appellant was born as Jose Ramiro Marin-Ramirez in Sopetran, Antioquia, Colombia in 1953. He first entered the United States in 1980 on a visitor's visa, but eventually received lawful permanent residence status under the name Marin-Ramirez after marrying his first wife. In 1991, appellant was arrested and charged with money laundering and conspiracy to possess with intent to distribute cocaine. In connection with the arrest, appellant provided Drug Enforcement Administration agents with false information including that his name was Douglas Jose Cadenas. He pled guilty to the drug charge under that name and was sentenced to 97 months' imprisonment and a five-year term of supervised release. Appellant had discharged his term of imprisonment by the end of 1998, and he was transferred to immigration custody to be deported as an aggravated felon. At that time, federal officials notified him that he was prohibited from entering, attempting to enter, or being in the United States at any time following his removal.

Appellant returned to Medellin, Colombia with his wife and the couple's children, all of whom were United States citizens, except for appellant. There, the couple obtained a business license to operate a liquor store, but shortly after opening, local guerillas began threatening to kidnap and kill the children unless they received payments of $1,000 a month. According to appellant and his wife, the guerillas believed they were wealthy due to their recent arrival from the United States, the fact that they were United States citizens, and the fact that they owned a business. Fearing for her safety, the couple sent their oldest daughter back to the United States. In order to care for their daughter and earn money to send back home to Colombia, appellant's wife also returned to the United States.

Although appellant remained in Colombia with his son for the next eighteen months, he eventually applied for a visa to enter Mexico. The application was denied, but Mexican officials informed appellant that he could re-apply for admission in ninety days. Instead, appellant left Colombia with his son and re-entered the United States through Newark, New Jersey. While his son was able to use his American

passport to re-enter, appellant used the passport and resident alien card he had been issued under his true name, Jose Ramiro Marin-Ramirez. Reunited, the family traveled to Waterloo, Iowa, where appellant and his wife opened a bar and restaurant called the Tequila Club.

In 2004, a cooperating federal defendant alerted agents of the Iowa Division of Narcotics Enforcement that an individual named "Jose," the owner of the Tequila Club in Waterloo, had previously been convicted of cocaine charges and deported to Colombia. A review of the Tequila Club's Iowa liquor license revealed that the business was owned by appellant's wife, with "Jose Marin" listed as the contact name. Further investigation confirmed that the driver's license photograph for Jose Ramiro Marin-Ramirez appeared to be the same as that of the individual deported as an aggravated felon under the name Douglas Cadenas. A search of appellant's residence following his arrest uncovered photocopies of the passport and resident alien card bearing the name Jose Ramiro Marin-Ramirez that appellant had used to re-enter the United States, and a fingerprint analysis subsequently confirmed that appellant was the individual previously deported as Douglas Jose Cadenas.

Appellant was indicted and later pled guilty to unlawful re-entry into the United States after having been previously removed following conviction for an aggravated felony offense in violation of 8 U.S.C. § 1326(a) and (b)(2). He was sentenced on January 26, 2005, shortly after the United States Supreme Court issued its decision in United States v. Booker, 543 U.S. 220 (2005). In light of Booker, the district court informed the parties that, in deciding what sentence to impose, it would be guided by the advisory guidelines range of 46 to 57 months' imprisonment and "all the factors set forth at 18 United States Code Section 3553(a)(1) through (7)."

At sentencing, appellant presented the testimony of his wife and introduced several exhibits, including the 2001 United States Department of State Country Report on Human Rights Practices in Colombia. He argued that this evidence demonstrated

that he and his family had returned to the United States under coercion and duress, circumstances justifying a sentence below the applicable guidelines range. After considering the evidence,[2] the court sentenced appellant to 46 months' imprisonment followed by a two-year term of supervised release, along with a $100 assessment. This appeal followed.

## I.

We review appellant's sentence for reasonableness.[3] United States v. Hadash, 408 F.3d 1080, 1083 (8th Cir. 2005) (equating "unreasonableness" with an "abuse of discretion"). In doing so we, like the district court, begin with the applicable guidelines sentencing range. United States v. Haack, 403 F.3d 997, 1002-03 (8th Cir. 2005), cert. denied, 126 S. Ct. 276 (2005). Although a sentence within that range is presumed reasonable, United States v. Lincoln, 413 F.3d 716, 717 (8th Cir. 2005),

---

[2]In this regard the court stated:

[T]he Court finds that there are no facts or circumstances that would take this case out of the heartland of cases because, as I said, when you boil it down, it is the common situation where you have family members in two countries, and the one parent, because of prior criminal conduct in the United States, is not allowed in the United States legally. So I just don't see that this is really a common – an uncommon situation. I decline to depart as urged by defense counsel for those reasons. And so the guidelines sentence, which is only one factor that the Court takes into consideration, remains as it is, forty-six to fifty-seven months.

[3]Initially, the government argues that we lack jurisdiction under 18 U.S.C. § 3742(a) to hear this appeal. As appellant correctly points out, we have previously rejected this argument. United States v. Mickelson, 433 F.3d 1050, 1055 (8th Cir. 2006); United States v. Frokjer, 415 F.3d 865, 875 n.3 (8th Cir. 2005); United States v. McCully, 407 F.3d 931, 933 n.2 (8th Cir. 2005), cert. denied, 126 S. Ct. 305 (2005).

cert. denied, 126 S. Ct. 840 (2005), that presumption may be rebutted by reference to the factors listed in § 3553(a). Mickelson, 433 F.3d at 1055. Thus, "if the district court failed to consider a relevant factor that should have received significant weight, gave significant weight to an improper or irrelevant factor, or considered only appropriate factors but nevertheless committed a clear error of judgment," even a sentence within the guidelines range may be unreasonable. United States v. Walker, 439 F.3d 890, 892 (8th Cir. 2006) (citing Hadash, 408 F.3d at 1084). In addition, while we do not require the district court to mechanically recite each of the § 3553(a) factors, it must be clear from the record that it actually considered them in determining the appropriate sentence. Id. (quoting United States v. Dieken, 432 F.3d 906, 909 (8th Cir. 2006)).

Here, the district court calculated the applicable guidelines range, considered defendant's circumstances in reference to the § 3553(a) factors, and then imposed a sentence at the bottom of the guidelines range.[4] Thus, the sentence is clothed with a presumption of reasonableness. Lincoln, 413 F.3d at 717. Appellant advances three arguments in an attempt to rebut this presumption. We find none to be persuasive.

First, appellant contends that the district court gave inadequate weight to the "extraordinary circumstances" surrounding his re-entry into the United States. Although "[a] criminal trial for the felony of illegal reentry after deportation . . . is not the proper forum to argue a case for political asylum," United States v. Polanco-Gomez, 841 F.2d 235, 238 (8th Cir. 1988), appellant's evidence of the conditions in

---

[4]Guideline § 2L1.2 sets a base offense level of 8 for a violation of 8 U.S.C. § 1326. Appellant received a sixteen-level increase under Guideline § 2L1.2(b)(1)(A)(i) because he was deported following conviction for a drug trafficking offense, and a three-point reduction for timely acceptance of responsibility under Guideline § 3E1.1(b). After these adjustments, appellant's offense level was 21 with a criminal history category of III based on his 1991 drug offense and his commission of the instant offense while on supervised release. Based on these calculations, the applicable guideline range was between 46 and 57 months.

Colombia and his reasons for leaving that country were properly considered by the sentencing court in evaluating the "nature and circumstances of the offense" as well as the "history and characteristics of the defendant." See 18 U.S.C. § 3553(a)(1). Nonetheless, it was for the court to determine the appropriate weight of this evidence in the overall sentencing balance. In doing so, the court expressed doubts about the credibility of appellant's claims of duress, recognizing the lack of corroborating evidence, his failure to apply for asylum upon re-entry, and the fact that appellant's family, as American citizens, could travel freely into the United States to avoid any danger in Colombia. However, the court went on to conclude that, even if all of appellant's evidence of duress were true, it would not warrant a sentence below the guidelines range because appellant's separation from his family was not "an uncommon situation." Such a conclusion was reasonable and within the sentencing court's discretion.

Next, appellant argues that his willingness to stipulate to deportation demonstrated his "respect for the law," see 18 U.S.C. § 3553(a)(2)(A), and thereby justified a sentence below the applicable guideline range. The district court specifically considered appellant's offer to stipulate at sentencing. However, it recognized that the stipulation would be largely redundant as removal was "a foregone conclusion under the facts of this case." While the court could have concluded that his offer to stipulate to deportation warranted a sentence below the guidelines range, see United States v. Jauregui, 314 F.3d 961, 963-64 (8th Cir. 2003) (holding, pre-Booker, that departure for waiving resistance to deportation is within sentencing court's discretion), it was not unreasonable for it to decline to do so.

Lastly, appellant argues that the record is unclear as to the manner in which the district court weighed the remaining § 3553(a) factors in determining his sentence. While not making explicit findings with respect to each, the record reflects that the district court recognized its obligation to consider the § 3553(a) factors and did actually consider them in determining the appropriate sentence. See Walker, 439 F.3d

at 892. The district court stated on several occasions during the hearing that its sentencing determination would be guided by the advisory guidelines and "all other factors set forth at 18 United States Code Section 3553(a)(1) through (7)." Indeed, the court permitted defense counsel to summarize the evidence relevant to each applicable factor before reaching its conclusion that none of the "facts or circumstances" presented justified a sentence below the applicable guidelines range. From this record, we are satisfied that the district court actually considered each factor in determining an appropriate sentence.

The judgment of the district court is affirmed.

_____