# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-2272

_____

United States of America,                       *
                                                 *
      Plaintiff - Appellee,              *
                                                 * Appeal from the United States
    v.                                     * District Court for the
                                                 * Northern District of Iowa.
John K. Finn,                                    *
                                                 * [UNPUBLISHED]
      Defendant - Appellant.             *

_____

Submitted: November 13, 2006
Filed: November 17, 2006

_____

Before MURPHY, ARNOLD, and BENTON, Circuit Judges.

_____

PER CURIAM.

John K. Finn pled guilty to ten counts of mail fraud, in violation of 18 U.S.C. § 1343, and he was sentenced by the district court[1] to 135 months. Finn appeals, arguing that his sentence is unreasonable, that his criminal history category overstates the seriousness of his record, and that the court gave undue weight to the number of his victims. We affirm.

---

[1] The Honorable Linda R. Reade, United States District Judge for the Northern District of Iowa.

Finn was charged with fifty counts of mail fraud in connection with an investment scheme beginning in the mid 1990's and continuing until at least 2003. During this time, Finn received more than $3.7 million from over 100 investors, many of whom were elderly Iowans attempting to secure their retirement accounts. He pled guilty to ten of the fifty counts. The district court calculated a base offense level of 7 and added enhancements for Finn's abuse of his position of trust, the vulnerability of the victims, the number of victims, and the amount of the loss. His resulting total offense level of 30 combined with his criminal history category II resulted in an advisory guideline range of 108-135 months. After considering the 18 U.S.C. § 3553(a) factors and denying Finn's motion for a downward variance based on over representation of his criminal history, the court sentenced Finn at the top of the guideline range to 135 months imprisonment.

Finn argues that the sentence at the top of the guideline range is unreasonable because the calculated criminal history category II is based on offenses unrelated to his investment scheme (a deferred judgment entered for driving while intoxicated and a conviction for selling alcohol to minors). He also asserts that the sentence is unreasonable because it was based in part on the court's finding that he defrauded 112 victims when not all of the people who lost money by investing with him were victims of his fraud, there were only 108 victims listed in the presentence investigation report, and an enhancement for victimizing between 50 and 249 victims had already been applied. Although he did not contest the number of victims and amount of loss calculated by the district court, his impression was that his sentence would be the same whether there were 51 victims or 249 victims.

We review a defendant's sentence for reasonableness. United States v. Hadash, 408 F.3d 1080, 1083 (8th Cir. 2005). Since Finn was sentenced within the guideline range, his sentence is presumptively reasonable. United States v. Cadenas, 445 F.3d 1091, 1094 (8th Cir. 2006).

The district court discussed its reasoning for sentencing Finn at the top of the undisputed guideline range and stated that it had "considered carefully" Finn's argument that he should receive a lesser sentence because his criminal history category overstated the seriousness of his past criminal conduct. The court also stated that it had considered the 18 U.S.C. § 3553(a) factors and imposed a sentence at the top of the range because of the devastating effect Finn's actions had on his victims, its perception that Finn lacked remorse, and the effect Finn's attempts to lull his victims had on their health. Although Finn now argues that he did not victimize more than 100 victims and that the district court should not have factored the number of victims into its decision to sentence him at the top of the advisory guideline range, he failed to raise this argument in the district court and he has not identified which investors were wrongly considered victims. Moreover, the court's finding that there were substantially more victims than the 50 needed to qualify Finn for the four level sentencing enhancement is supported by the record.

After examining the record and the district court's explicit consideration of all the facts and circumstances of the offense, we conclude that the sentence imposed was not unreasonable. See United States v. Hawkman, 438 F.3d 879, 884 (8th Cir. 2006). Accordingly, we affirm the judgment of the district court.

_____