# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-3621

_____

United States of America,       \*
       \*
         Appellee,       \*
       \*   Appeal from the United States
      v.           \*   District Court for the
       \*   Western District of Missouri.
Sandro Diaz-Torres,       \*
       \*      [UNPUBLISHED]
         Appellant.       \*

_____

Submitted: April 9, 2009
Filed: April 10, 2009

_____

Before WOLLMAN, MURPHY, and MELLOY, Circuit Judges.

_____

PER CURIAM.

Sandro Diaz-Torres pleaded guilty to illegally reentering the United States after having been removed subsequent to a conviction for an aggravated felony. See 8 U.S.C. § 1326(a), (b)(2). The district court[1] sentenced Diaz-Torres to 96 months in prison and 3 years of supervised release. On appeal, his counsel has moved to withdraw and filed a brief under Anders v. California, 386 U.S. 738 (1967), arguing the sentence was unreasonable. Diaz-Torres has filed a pro se supplemental brief in which he argues that the district court violated the Sixth Amendment by imposing a

_____

[1]The Honorable Richard E. Dorr, United States District Judge for the Western District of Missouri.

16-level enhancement under U.S.S.G. § 2L1.2(b)(1)(A) based on judge-found facts, and that the court treated the resulting incorrect Guidelines range as mandatory.

We conclude that the district court did not abuse its discretion in sentencing Diaz-Torres at the top of the Guidelines range. See United States v. Booker, 543 U.S. 220, 261-62 (2005) (appellate courts must review sentences for unreasonableness); United States v. Haack, 403 F.3d 997, 1003 (8th Cir. 2005) (standard of review). In determining the sentence, the court considered only relevant factors and did not clearly misjudge their weight. See Rita v. United States, 127 S. Ct. 2456, 2462 (2007) (approving appellate presumption of reasonableness for sentences within properly calculated Guidelines range); United States v. Cadenas, 445 F.3d 1091, 1094 (8th Cir. 2006) (although sentence within applicable Guidelines range is presumed reasonable, that presumption may be rebutted by evidence that district court failed to consider relevant factor, gave significant weight to improper or irrelevant factor, or committed clear error of judgment in considering appropriate factors).

We also reject Diaz-Torres's pro se arguments. His Sixth Amendment argument is foreclosed by United States v. Torres-Alvarado, 416 F.3d 808, 810-11 (8th Cir. 2005) (district court did not violate Sixth Amendment in determining that defendant's prior conviction was aggravated felony or drug-trafficking offense for purposes of applying § 2L1.2(b)(1) enhancement); and the sentencing transcript as a whole demonstrates that the district court treated the Guidelines as advisory and that it considered the 18 U.S.C. § 3553(a) factors, see Cadenas, 445 F.3d at 1094 (district court need not mechanically recite each of § 3553(a) factors as long as it is "clear from the record that it actually considered them").

Having reviewed the record under Penson v. Ohio, 488 U.S. 75, 80 (1988), we find no nonfrivolous issues. Accordingly, we affirm, and we grant counsel's motion to withdraw on the condition that counsel inform appellant about the procedures for filing petitions for rehearing and for certiorari.

_____