# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-1534

_____

United States of America,           *
                                    *
            Appellee,               *    Appeal from the United States
                                    *    District Court for the
    v.                              *    District of Minnesota.
                                    *
Moises Flores Ventura,              *        [UNPUBLISHED]
                                    *
            Appellant.              *

_____

Submitted: November 10, 2008
Filed: May 11, 2009

_____

Before MELLOY, BOWMAN, and SMITH, Circuit Judges.

_____

PER CURIAM.

After Moises Flores Ventura was stopped for a minor traffic violation in Minnesota, law enforcement officers determined that he was an illegal alien present in the United States without being admitted or paroled, that he had two California convictions for aggravated felonies, and that he had twice been removed from the United States. Pursuant to a written plea agreement, Flores Ventura pleaded guilty to illegally re-entering the United States after having been removed subsequent to a conviction for an aggravated felony. See 8 U.S.C. § 1326(a), (b)(2). At Flores

Ventura's sentencing hearing, the District Court[1] agreed with the parties that the advisory Guidelines sentencing range was seventy to eighty-seven months' imprisonment. The government recommended a sentence within the Guidelines range, and Flores Ventura moved for a downward variance to a sentence of no more than sixty months' imprisonment. The District Court denied Flores Ventura's motion and imposed a seventy-month term of imprisonment, a sentence at the low end of the Guidelines range. Flores Ventura appeals, arguing that his sentence is unreasonable. We affirm.

Flores Ventura contends that his sentence is longer than necessary to achieve the goals of sentencing and that he merited a sentence below the advisory Guidelines range based on proper consideration of the 18 U.S.C. § 3553(a) factors. Because Flores Ventura does not challenge the District Court's calculation of the advisory Guidelines range, we review his sentence for an abuse of discretion, Gall v. United States, 128 S. Ct. 586, 597 (2007), and note that a sentence within a properly calculated Guidelines range is presumptively reasonable on appeal, Rita v. United States, 551 U.S. 338, 355–56 (2007).

The District Court did not abuse its discretion in sentencing Flores Ventura at the low end of the Guidelines range. Prior to the sentencing hearing, Flores Ventura's counsel submitted a lengthy and detailed memorandum outlining Flores Ventura's position that a sentence of no more than sixty months was sufficient but not greater than necessary to achieve the goals of sentencing. After considering the additional argument proffered by counsel at the sentencing hearing, the District Court noted that Flores Ventura had been convicted of three felony drug offenses, had been incarcerated three times, and had been removed from the United States at least twice but that "none of this seems to have made any difference to him as he continues to

_____

[1]The Honorable Patrick J. Schiltz, United States District Judge for the District of Minnesota.

exhibit no respect for the laws and in particular . . . the immigration laws of the United States." Sent. Tr. at 15. The court also considered Flores Ventura's contention that a Guidelines sentence would impair his ability to provide support for and develop a relationship with his son. Rejecting Flores Ventura's arguments, the court found that Flores Ventura "has been absent during . . . just about all of his son's life, including being in prison during part of it," id. at 10, and that even "when [Flores Ventura] has entered this country illegally" he has "lived in Las Vegas and then in Minnesota, not in California near his son," id. at 11.

Having carefully considered the record, we conclude that the District Court did not abuse its discretion by overlooking a relevant § 3553(a) factor, giving significant weight to an improper or irrelevant factor, misapplying the factors, or committing a clear error of judgment, and we hold that Flores Ventura's within-Guidelines sentence is reasonable. See United States v. Cadenas, 445 F.3d 1091, 1094 (8th Cir. 2006) (noting that although a sentence within the applicable Guidelines range is presumed reasonable, that presumption may be rebutted by evidence that the district court failed to consider a relevant factor, gave significant weight to an improper or irrelevant factor, or committed a clear error of judgment in considering the appropriate factors). Accordingly, we affirm the judgment of the District Court.

_____