# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 08-1361

———————

United States of America,

   Appellee,

   v.

Francisco Javier Rivera-Gutierrez,

   Appellant.

\* \
\* \
\*  Appeal from the United States \
\*  District Court for the \
\*  Northern District of Iowa. \
\* \
\*  [UNPUBLISHED] \
\* \
\*

———————

Submitted: May 13, 2009 \
Filed: June 9, 2009

———————

Before BYE, COLLOTON, and GRUENDER, Circuit Judges.

———————

PER CURIAM.

  Francisco Rivera-Gutierrez pleaded guilty to illegally re-entering the United States, after having been removed subsequent to a 1990 felony conviction for assault with a dangerous weapon and a 1998 aggravated felony conviction for a drug-trafficking offense, in violation of 8 U.S.C. § 1326(a), (b)(2). The district court[1] sentenced him to 57 months in prison and 3 years of supervised release. On appeal, his counsel has moved to withdraw and filed a brief under Anders v. California, 386 U.S. 738 (1967), arguing that the sentence is greater than necessary to comply with

———————

[1]The Honorable Linda R. Reade, Chief Judge, United States District Court for the Northern District of Iowa.

the purposes of 18 U.S.C. § 3553(a), and thus unreasonable, because the district court gave undue weight to Rivera-Gutierrez's early criminal history and failed to give sufficient weight to his significant break from his past criminal behavior.

We conclude that the sentence, which was within the advisory Guidelines range, is not unreasonable.  See United States v. Toothman, 543 F.3d 967, 970 (8th Cir. 2008) (a sentence within the advisory range is accorded presumption of reasonableness on appeal); see also Rita v. United States, 551 U.S. 338, 341 (2007) (allowing appellate presumption of reasonableness).  The district court expressly considered relevant factors under section 3553(a), including Rivera-Gutierrez's criminal history, and nothing in the record suggests that the court misapplied those factors.  After reviewing the record independently under Penson v. Ohio, 488 U.S. 75, 80 (1988), we have found no nonfrivolous issues for appeal.  Accordingly, we grant counsel's motion to withdraw, and we affirm.

_____