# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-1169

_____

United States of America,        *
                                          *

           Appellee,            *
                                          * Appeal from the United States
     v.                         * District Court for the
                                          * Northern District of Iowa.
Olvin Portillo-Martinez,        *
                                          * [UNPUBLISHED]
           Appellant.           *

_____

Submitted: July 7, 2009
Filed: July 30, 2009

_____

Before WOLLMAN, MURPHY, and MELLOY, Circuit Judges.

_____

PER CURIAM.

Olvin Portillo-Martinez appeals the sentence the district court[1] imposed after he pleaded guilty to illegal re-entry. His counsel has moved to withdraw and has filed a brief under <u>Anders v. California</u>, 386 U.S. 738 (1967), questioning the reasonableness of the sentence.

We conclude that the district court did not abuse its discretion in sentencing Portillo at the top of the advisory Guidelines range. <u>See</u> <u>United States v. Haack</u>, 403

_____

[1]The Honorable Linda R. Reade, Chief Judge, United States District Court for the Northern District of Iowa.

F.3d 997, 1003 (8th Cir. 2005) (standard of review). The record reflects that, in determining the sentence, the district court properly considered relevant factors. See Rita v. United States, 551 U.S. 338, 346-47 (2007) (approving appellate presumption of reasonableness for sentences within properly calculated Guidelines range); United States v. Cadenas, 445 F.3d 1091, 1094 (8th Cir. 2006) (although sentence within applicable Guidelines range is presumed reasonable, that presumption may be rebutted by evidence that district court failed to consider relevant factor, gave significant weight to improper or irrelevant factor, or committed clear error of judgment in considering appropriate factors).

After reviewing the record independently under Penson v. Ohio, 488 U.S. 75, 80 (1988), we find no nonfrivolous issues. Accordingly, we affirm, and we grant counsel's motion to withdraw on the condition that counsel inform appellant about the procedures for filing petitions for rehearing and for certiorari.

_____