# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-3761

_____

United States of America,         *
                                  *

          Appellee,          *

                                  *    Appeal from the United States

      v.                          *    District Court for the

                                  *    Western District of Missouri.

Melvin Dwayne Henre,         *

                                  *    [UNPUBLISHED]

         Appellant.        *

_____

Submitted: November 13, 2009
Filed:  November 16, 2009

_____

Before BYE, BOWMAN, and BENTON, Circuit Judges.

_____

PER CURIAM.

Melvin Henre pled guilty to threatening a federal law enforcement officer, in violation of 18 U.S.C. § 115(a)(1)(B). The district court[1] sentenced him to 77 months in prison and 3 years of supervised release. On appeal, counsel has moved to withdraw and has filed a brief under *Anders v. California*, 386 U.S. 738 (1967), questioning whether the district court abused its discretion in sentencing Henre.

_____

[1]The Honorable Dean Whipple, United States District Judge for the Western District of Missouri.

We review the imposition of sentences under a deferential abuse-of-discretion standard, first ensuring that the district court committed no significant procedural error, and then considering the substantive reasonableness of the sentence. *See United States v. Feemster*, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (listing factors that constitute abuse of discretion). We find no abuse of discretion. The sentence imposed was at the bottom of the undisputed advisory Guidelines range, *see Rita v. United States*, 551 U.S. 338, 347-50 (2007), and we find no indication that Henre would be able to rebut the resulting presumption of reasonableness, *see United States v. Cadenas*, 445 F.3d 1091, 1094 (8th Cir. 2006).

After reviewing the record independently under *Penson v. Ohio*, 488 U.S. 75 (1988), we find no nonfrivolous issues for appeal. Accordingly, we affirm and we grant counsel's motion to withdraw.

_____