# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-3840

_____

United States of America,               *
                                          *

          Appellee,          *
                                          *   Appeal from the United States

     v.                     *   District Court for the
                                          *   Western District of Arkansas.

Israel Ayala-Gomez,         *

                                          *   [UNPUBLISHED]

          Appellant.       *

_____

Submitted: November 27, 2009
Filed: November 27, 2009

_____

Before BYE, BOWMAN, and BENTON, Circuit Judges.

_____

PER CURIAM.

Israel Ayala-Gomez (Gomez) challenges the within-Guidelines sentence imposed by the district court[1] after he pled guilty to illegally re-entering the United States after being deported, in violation of 8 U.S.C. § 1326(a), (b)(2), 6 U.S.C. § 202(3) & (4), and 6 U.S.C. § 557. On appeal, counsel has moved to withdraw and filed a brief under *Anders v. California*, 386 U.S. 738 (1967), raising the issues of the validity of Gomez's guilty plea, the disposition of objections made to the pre-sentence

_____

[1]The Honorable Robert T. Dawson, United States District Judge for the Western District of Arkansas.

investigation report (PSR), and whether the sentence imposed was substantively unreasonable.

First, we discern no basis for finding Gomez's plea invalid: Gomez may not attack the voluntariness of his plea for the first time on appeal, *see United States v. Villareal-Amarillas*, 454 F.3d 925, 932 (8th Cir. 2006); and we find no plain error in the court's decision not to use a Spanish-speaking interpreter during the plea hearing, *see United States v. Gonzales*, 339 F.3d 725, 728-29 (8th Cir. 2003) (failure to raise issue of interpreter at hearing results in plain error review; no plain error where lack of interpreter did not affect defendant's substantial rights). Second, we decline to review the issue of the objections to the PSR. *See United States v. Thompson*, 289 F.3d 524, 526-27 (8th Cir. 2002) (declining to review district court's findings related to sentencing enhancement, drug quantity, and criminal history, even for plain error, where defendant's counsel withdrew objections to PSR at sentencing hearing and asked for sentence at low end of Guidelines range).

Finally, we find no abuse of discretion in the district court's decision to impose the within-Guidelines sentence. *See United States v. Feemster*, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (standard of review); *Rita v. United States*, 551 U.S. 338, 347-50 (2007) (approving appellate presumption of reasonableness for sentences within properly calculated Guidelines range); *United States v. Cadenas*, 445 F.3d 1091, 1094 (8th Cir. 2006) (although sentence within applicable Guidelines range is presumed reasonable, presumption may be rebutted by evidence that district court failed to consider relevant factor, gave significant weight to improper or irrelevant factor, or committed clear error of judgment).

After reviewing the record independently under *Penson v. Ohio*, 488 U.S. 75 (1988), we find no nonfrivolous issues for appeal. Accordingly, we affirm the judgment of the district court, and we grant counsel's motion to withdraw.

_____