# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 10-1355

_____

United States of America,              *
                                       *
          Plaintiff - Appellee,        *
                                       *  Appeal from the United States
     v.                                *  District Court for the
                                       *  District of South Dakota.
Rodolfo Ernesto Rodriguez-Magallon,    *
                                       *  [UNPUBLISHED]
          Defendant - Appellant.       *


_____

Submitted: October 18, 2010
Filed: October 21, 2010

_____

Before MURPHY, BEAM, and BENTON, Circuit Judges.

_____

PER CURIAM.

Rodolfo Rodriguez-Magallon pled guilty to a charge of reentering the United States illegally after removal, in violation of 8 U.S.C. §§ 1326(a) and (b)(2). The district court[1] sentenced him to 77 months which was at the bottom of his advisory guideline range. Rodriguez-Magallon appeals, arguing that the court abused its discretion in declining to vary downward from the guideline range. We affirm.

_____

[1]The Honorable Karen E. Schreier, Chief Judge, United States District Court for the District of South Dakota.

Rodriguez-Magallon, a native and citizen of Mexico, migrated to the United States with his parents and siblings in 1985. He married a United States citizen in 1997 and became a lawful permanent resident in 2004. In 2007 he was charged in Washington state with second degree robbery and third degree aggravated assault, and he pled guilty to those charges under North Carolina v. Alford, 400 U.S. 25, 37 (1970).

Rodriguez-Magallon lost lawful resident status as a result of these convictions, and he was deported to Mexico upon his release from prison in December 2008. He reentered the United States shortly thereafter and later was arrested in South Dakota on August 7, 2009 while attempting to use his former permanent resident alien card and social security card to obtain a driver license. He pled guilty to illegal reentry after deportation.

The presentence investigation report (PSR) assigned an offense level of 21, including a 16 level enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(ii) because Rodriguez-Magallon had illegally reentered the country after having been deported subsequent to his conviction for a crime of violence (the second degree robbery conviction). That conviction also contributed 2 criminal history points under U.S.S.G. § 4A1.1(b). With a criminal history category VI, his guideline range was 77 to 96 months.

While Rodriguez-Magallon agreed with the guideline calculations in the PSR at the sentencing hearing, he moved for either a downward departure under U.S.S.G. § 5K2.0 or a variance resulting in a sentencing range of 24 to 30 months. He contended that he had pled guilty to the state robbery and assault charges only because he had wanted to hasten his return to his family. He also argued that his criminal behavior had largely ceased after his marriage and the birth of a son with Down's syndrome.

The district court adopted the guideline calculations in the PSR. It rejected the claim that Rodriguez-Magallon had reformed his behavior since he had been

convicted of possession of stolen property and possession of marijuana after getting married and of burglary and assault after his son's birth. The court was troubled by the fact that he had continued to associate with friends who had influenced his earlier criminal behavior and concluded that his criminal history category did not "overrepresent[] [his] propensity to commit offenses."

The district court therefore denied Rodriguez-Magallon a downward departure and variance, and concluded that a guideline sentence was appropriate:

> [E]ven though a downward departure would be authorized under the guidelines, I find it's not warranted under the facts of your case. . . . After considering the nature of your offense here and your past criminal history record, I do not believe that a downward variance is justified. I considered all the factors in [18 U.S.C. §] 3553(a) and find a sentence within the advisory guideline range is appropriate.

The court balanced criminal history and the nature of the offense against the other § 3553(a) factors and the potential it saw in Rodriguez-Magallon to return to being "a good husband, a good father, and a good employee." It then imposed a 77 month sentence, at the bottom of the advisory range. This appeal followed.

We review the sentence imposed by the district court under a deferential abuse of discretion standard, looking first at whether the court committed a significant procedural error, such as "'failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence.'" United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (quoting Gall v. United States, 552 U.S. 38, 51 (2007)).

Rodriguez-Magallon contends that the district court abused its discretion by failing to identify the provisions of § 3553(a)(2) which justified its denial of his variance request and its decision to impose a guideline sentence. The district court rested its denial of a downward variance and its decision to impose a guideline

sentence on the § 3553(a) factors it found most relevant: "the nature of [the] offense here and [appellant's] past criminal history," see § 3553(a)(1), and his "propensity to commit [further] offenses," see § 3553(a)(2)(C). Although Rodriguez-Magallon faults the court for failing to link its reasons to specific subsections of § 3553(a), "[a] mechanical recitation of the § 3553(a) factors is unnecessary, . . . particularly when a judge elects to apply the advisory guideline range to a particular case." United States v. Todd, 521 F.3d 891, 897 (8th Cir. 2008).

Rodriguez-Magallon argues in addition that "the need for the sentence imposed . . . to protect the public from further crimes of the defendant," § 3553(a)(2)(C), is not a relevant consideration here because he will be deported upon the completion of any sentence imposed. Given his record, however, a future deportation would not ensure that he would not reoffend in this country. He has shown his ability to return to this country shortly after deportation. See United States v. Molina, 563 F.3d 676, 678–79 & nn.2–3 (8th Cir. 2009); United States v. Morales–Uribe, 470 F.3d 1282, 1287 (8th Cir. 2006).

Reviewing the entire record, see United States v. Robinson, 516 F.3d 716, 718 (8th Cir. 2008), we find no procedural error. The district court did not abuse its discretion in considering the likelihood that Rodriguez-Magallon would reoffend or in explaining its chosen sentence.

We accord a sentence within the applicable guideline range a presumption of reasonableness. United States v. Garcia, 512 F.3d 1004, 1006 (8th Cir. 2008) (citing Rita v. United States, 551 U.S. 338, 347 (2007)). "That the Sentencing Commission and the district court both believed that [a 77 month sentence] was appropriate makes it likely that the sentence is reasonable in 'the mine run of cases,' and that it reflects the 'not greater than necessary' requirement of § 3553(a)[]." See United States v. Harris, 493 F.3d 928, 932 (8th Cir. 2007) (quoting Rita, 551 U.S. at 351).

Under all the circumstances we conclude that the bottom of the guideline sentence imposed by the district court was not substantively unreasonable and that the

court did not therefore abuse its discretion. <u>Cf.</u> <u>United States v. Rivera–Gutierrez</u>, 326 Fed App'x 410 (8th Cir. 2009) (affirming as reasonable 57 month guideline sentence imposed for conviction under 8 U.S.C. §§ 1326(a) and (b)(2)); <u>United States v. Ventura</u>, 329 Fed App'x 686 (8th Cir. 2009) (affirming as reasonable 70 month guideline sentence imposed for conviction under §§ 1326(a) and (b)(2)).

Accordingly, the judgment of the district court is affirmed.

_____