# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-1833
_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Arkansas. |
| Benjamin John Cox, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: December 12, 2011
Filed: February 1, 2012
_____

Before WOLLMAN, MELLOY, and COLLOTON, Circuit Judges.
_____

PER CURIAM.

Benjamin John Cox pled guilty to one count of accepting a bribe as a public official, in violation of 18 U.S.C. § 201(b)(2)(C). The district court[1] sentenced Cox to twelve months and one day of imprisonment. Cox appeals, arguing that his sentence is substantively unreasonable. We affirm.

_____

[1]The Honorable G. Thomas Eisele, United States District Judge for the Eastern District of Arkansas.

## I.

In March 2007, Cox began working as a correctional officer at the Federal Correctional Complex located in Forrest City, Arkansas. On January 19, 2008, Cox attempted to smuggle five packs of cigarettes to a prison inmate, but the metallic foil packaging triggered the metal detector as Cox passed through to report for work. Cox admitted to security personnel that he was bringing the cigarettes to an inmate and consented to a search of his backpack and vehicle. The searches uncovered three water bottles filled with vodka, a bag of fried chicken, two pizzas, six cans of smokeless tobacco, three adult magazines, and cash. When he was interviewed by agents from the Federal Bureau of Investigation, Cox further admitted that he had accepted money from an inmate's girlfriend in exchange for providing the inmate with various contraband. Cox admitted that he had successfully smuggled contraband into the prison on seven previous occasions.

Cox was not indicted for the conduct until almost two years after it occurred. In the interim, Cox joined the Arkansas National Guard and was deployed to Iraq. Cox had previously served in the United States Army and the Minnesota National Guard. He earned numerous military medals for outstanding service to the United States and for his volunteer work at an Iraqi children's burn clinic. On December 2, 2009, Cox was charged with accepting a bribe as a public official, in violation of 18 U.S.C. § 201(b)(2)(C), and providing contraband to a prisoner, in violation of 18 U.S.C. § 1791(a)(1). Cox pled guilty to bribery of a public official, and, pursuant to the plea agreement, the remaining charge against him was dismissed. Cox moved for a downward variance based on the nature and circumstances of the offense and his personal history and characteristics.

At sentencing, the district court calculated Cox's sentencing range under the United States Sentencing Guidelines Manual (Guidelines). Under the Guidelines, Cox's sentencing range was twelve to eighteen months imprisonment. The district

court recognized Cox's "long period of service . . . in the United States Army," his "exemplary record," and "innumerable commendations for his excellent service," Sentencing Hr'g Tr. 46, and imposed a sentence of one year and one day, stating:

> I am going to impose a sentence of one year and one day, which I believe is lenient and was much lower than I would ordinarily impose for a law enforcement officer, a person in such a position of trust. But I am overwhelmed by the good part of his record.

Sentencing Hr'g Tr. 46.[2]   The district court further stated, "I am terribly sympathetic with your situation and have great admiration for your service to your country, but I believe this is the only sentence warranted under the circumstances." Sentencing Hr'g Tr. 47. On appeal, Cox contends that his sentence is substantively unreasonable because "the district court failed to give adequate weight to his history and characteristics" and "he has overcome the appellate presumption of reasonableness that attends to a within-the-Guidelines sentence." Appellant's Br. 8.

II.

"We apply an abuse-of-discretion standard to review the substantive reasonableness of a sentence." United States v. Sandoval-Sianuqui, 632 F.3d 438, 444 (8th Cir. 2011) (citing United States v. Hoffman, 626 F.3d 993, 998 (8th Cir. 2010)). We presume sentences within the advisory Guidelines sentencing range are reasonable, id. (citing United States v. Heath, 624 F.3d 884, 888 (8th Cir. 2010)), but the "presumption may be overcome if the district court fails to consider a relevant factor that should have received significant weight, gives significant weight to an

___

[2]By sentencing Cox to one year and one day, the district court made Cox eligible for "good conduct time" under 18 U.S.C. § 3624(b), which provides that prisoners serving more than one year may receive credit for up to 54 days per year for "exemplary compliance with institutional disciplinary regulations."

improper or irrelevant factor, or considers only the appropriate factors but in weighing those factors commits a clear error of judgment." United States v. Cain, 487 F.3d 1108, 1114 (8th Cir. 2007) (citing United States v. Haack, 403 F.3d 997, 1004 (8th Cir. 2005)). Relevant factors are listed at 18 U.S.C. § 3553(a). Id. (citing United States v. Booker, 543 U.S. 220, 261 (2005)).

Cox contends that the district court's sentence was substantively unreasonable because, "although it considered only the appropriate factors, it committed a clear error of judgment in weighing those factors." Appellant's Br. 10. Specifically, Cox argues that "the district court gave too much weight to Mr. Cox's violation of public trust and not enough weight to his history and characteristics." Id.

We conclude that Cox's contentions are belied by the record. "The district court has wide latitude to weigh the § 3553(a) factors in each case and assign some factors greater weight than others in determining an appropriate sentence." United States v. Bridges, 569 F.3d 374, 379 (8th Cir. 2009) (citing Gall v. United States, 552 U.S. 38, 51 (2007)). Although Cox was a new employee and was a low grade officer, his primary duty was to ensure security of the facility. Sentencing Hr'g Tr. 12. Cox violated this duty. The district court initially viewed Cox's conduct as deserving of a "very serious sentence." Sentencing Hr'g Tr. 44. But the court was "overwhelmed by the good part of [Cox's] record" and, as set forth above, stated that it was sentencing Cox more leniently than it ordinarily would for a person in his position of trust. The district court also expressed that it was important for Cox's sentence to serve as a deterrent to criminal conduct for other persons in Cox's position of trust. Sentencing Hr'g Tr. 45. We agree with the district court that Cox's situation is sympathetic. The fact that the district court did not weigh the factors as Cox would like, however, does not justify reversal. See Bridges, 569 F.3d at 379. The district court did not commit a clear error of judgment, and Cox has not overcome the presumption of reasonableness accorded a Guidelines sentence.

-4-

## III.

The judgment is affirmed.

_____