# United States Court of Appeals
### For the Eighth Circuit

_____

No. 13-2927
_____

United States of America

*Plaintiff - Appellee*

v.

Sherman Hopkins, Jr.

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids

_____

Submitted: February 10, 2014
Filed: May 28, 2014
[Unpublished]

_____

Before SMITH, BEAM, and BENTON, Circuit Judges.

_____

PER CURIAM.

Sherman Hopkins Jr. appeals his 12-month sentence that the district court[1] imposed after it revoked Hopkins's second term of supervised release. He argues that the district court abused its discretion in revoking his supervised release and that the 12-month revocation sentence is unreasonable. We affirm.

## I. *Background*

Hopkins was charged with nine counts of perjury, in violation of 18 U.S.C. § 1623. He pleaded guilty to one of the perjury counts and was sentenced to 46 months' imprisonment followed by three years of supervised release.

His first term of supervised release began in September 2010. On July 3, 2012, the district court revoked his supervised release after he admitted violating multiple conditions of release, including failure to comply with drug testing, failure to notify of residence or employment change, association with a felon, failure to notify of law enforcement contact, use of alcohol, failure to answer truthfully inquiries or follow instructions, failure to comply with remote alcohol testing, and failure to support dependents. The court sentenced Hopkins to 12 months' imprisonment followed by two years of supervised release. The standard conditions of supervision included a prohibition on associating with felons. One special condition of supervision was that Hopkins "reside in a Residential Reentry Center for a period of 180 days" and that he "abide by all rules and regulations of the facility." Hopkins served the 12-month sentence.

On July 2, 2013, Hopkins arrived at the Gerald Hinzman Center (GHC) for 180-day placement and began his second term of supervised release. On July 3, 2013, a GHC staff member observed Hopkins at a grocery store "in the company of fellow federal offender Matt Pratt." Hopkins had not received an approved pass to this

---

[1]The Honorable Linda R. Reade, Chief Judge, United States District Court for the Northern District of Iowa.

location nor had he received permission to associate with Pratt. He was cited for out-of-place assignment.

On August 7, 2013, a GHC staff member observed Hopkins at the mall when he was supposed to be at his place of employment; Hopkins had not received approval to stop at the mall. He was cited for out-of-place assignment.

On August 16, 2013, Hopkins received instructions "to turn in his paycheck to GHC staff for monthly subsistence payment and he refused to do so." He was cited for disobeying a lawful order or directive and the unauthorized possession of money. That same day, in a separate incident, GHC staff strip searched Hopkins. During the search, Hopkins used obscenities and called the male staff members "faggots." During subsequent room searches, GHC staff discovered a contraband cell phone and cell phone charger in Hopkins's room. Hopkins shouted loudly, acted disrespectfully, and used obscene language, while officers conducted room and strip searches of other residents. He was cited for verbal abuse, unauthorized possession or exchange, and obstructive or disruptive conduct.

On August 19, 2013, Hopkins received a citation for unauthorized possession of money for failing to turn in at least two paychecks for subsistence payment.

Based on these citations, the GHC staff asked for Hopkins's dismissal from the center. Hopkins's probation officer then filed a petition to revoke Hopkins's supervised release because he refused to comply with the residential reentry center's rules and associated with a felon.

During the supervised-release revocation hearing, Hopkins admitted each of the violations. The court determined, and Hopkins did not contest, that each of the violations was a Grade C violation under U.S.S.G. § 7B1.1. At the time of his original sentencing, Hopkins's criminal history category was VI. Based on this criminal history

-3-

category, Hopkins's recommended Guidelines range was 8 to 14 months' imprisonment. The maximum statutory term was one year. The court noted that "[t]his is not mandatory revocation" and that it had "the power to send him back to prison, to continue his supervision, to modify his supervision," or "to terminate it since the . . . start date was back in 2010."

The government asked the court to "revoke the defendant's supervised release and send him back to prison for one year and one day"; additionally, it asked "the Court not to reimpose supervision after his term of incarceration" based on Hopkins's "complete inability to work with probation." Hopkins was "in agreement with the sentence that's recommended by the Government."[2]

After "carefully consider[ing] all of the statutory factors that apply under 18 [U.S.C. §] 3553(a)," looking at the Guidelines, "consider[ing] the nature and circumstances of the violation and the history and characteristics of Mr. Hopkins," and "consider[ing] all the other statutory factors that apply," the court sentenced Hopkins to "12 months" with "no supervised release to follow." Thereafter, the following exchange occurred:

> DEFENDANT HOPKINS, JR.: Was it—did we agree—I mean was it a year and a day that you're sentencing me to or—
>
> THE COURT: No. I sentenced you to 12 months, which was my understanding what you agreed to.

---

[2]A sentence of one year and one day would have made Hopkins "eligible for 'good conduct time' under 18 U.S.C. § 3624(b), which provides that prisoners serving more than one year may receive credit for up to 54 days per year for 'exemplary compliance with institutional disciplinary regulations.'" *United States v. Cox*, 449 F. App'x 547, 549 n.2 (8th Cir. 2012) (unpublished per curiam).

DEFENDANT HOPKINS, JR.: I agreed to a year and a day with the—

THE COURT: Okay.

DEFENDANT HOPKINS, JR.: —what they told me.

THE COURT: Well, I'm not going to give you a year and a day because the last time I revoked you—

DEFENDANT HOPKINS, JR.: You gave me a year.

THE COURT: —it was a year and it would make no sense whatsoever incrementally to lessen your punishment when your behavior has continued and has not improved, so I am sentencing you to 12 months; not 12 months and one day. I considered that and—

DEFENDANT HOPKINS, JR.: I'll take the 14 months.

THE COURT: Pardon? It's 12 months, so you will serve 12 months.

## II. *Discussion*

Hopkins argues that the district court abused its discretion in revoking his supervised release and imposed an unreasonable revocation sentence. Specifically, Hopkins argues that the district court abused its discretion in failing to consider relevant factors that should have received significant weight. He also claims that the district court abused its discretion because it committed a clear error of judgment in weighing the factors. He concludes that, under the circumstances of the case, the district court imposed an unreasonable revocation sentence.

### A. *Revocation*

A district court's revocation of a defendant's supervised release is reviewed for an abuse of discretion, and its factfinding regarding whether a violation occurred is

reviewed for clear error. *United States v. Gomez*, __F. App'x__, 2014 WL 104087, at *2 (8th Cir. Jan. 13, 2014). When analyzing the district court's factual findings for clear error, we will "reverse only if we have a definite and firm conviction that the district court was mistaken." *Id.* (quotation and citations omitted). "The government must prove by a preponderance of the evidence that the defendant violated a condition of supervised release." *Id* (citing 18 U.S.C. § 3583(e)(3)).

In the present case, the district court did not commit clear error or otherwise abuse its discretion in revoking Hopkins's supervised release because Hopkins admitted each of the violations and did not contest that each was a Grade C violation under U.S.S.G. § 7B1.1.

## B. *Reasonableness*

Revocation sentences are reviewed for substantive reasonableness under the same deferential abuse-of-discretion standard used at initial sentencing proceedings. *United States v. Growden*, 663 F.3d 982, 984 (8th Cir. 2011) (per curiam) (citation omitted).

> We review a district court's sentence for reasonableness, which is akin to the standard of abuse of discretion. *See United States v. Cadenas*, 445 F.3d 1091, 1094 (8th Cir. 2006) (sentence reviewed using reasonableness standard); *United States v. Hadash*, 408 F.3d 1080, 1083 (8th Cir. 2005) (equating reasonableness with abuse of discretion). When reviewing a sentence, we first look to the applicable Guidelines range because a sentence within the Guidelines range is presumptively reasonable. *See United States v. Watson*, 480 F.3d 1175, 1176–77 (8th Cir. 2007), *petition for cert. filed,* (U.S. July 31, 2007) (No. 07–5683). "[A] court of appeals may apply a presumption of reasonableness to a district court sentence that reflects a proper application of the Sentencing Guidelines." *United States v. Peck*, 496 F.3d 885, 891 (8th Cir. 2007) (quoting *Rita v. United States*, 551 U.S. 338, 127 S. Ct. 2456, 2462, 168 L. Ed. 2d 203 (2007)). Because the district court properly calculated the advisory Guidelines range for [Hopkins], and because it sentenced

[Hopkins] within that range, [Hopkins's] sentence is presumptively reasonable. *Id.* However, this presumption may be rebutted by the factors listed in section 3553(a). *Cadenas*, 445 F.3d at 1094.

*United States v. Miles*, 499 F.3d 906, 908–09 (8th Cir. 2007).

At sentencing, Hopkins agreed with the government's sentencing recommendation of 12 months and one day. Nevertheless, counsel "want[ed] the Court to know" certain facts: (1) Hopkins "bumped into" the convicted felon at the grocery store on July 3, 2013, and did not make any plans to be with that individual; (2) he went to the mall on August 7, 2013,[3] to use the restroom; (3) he failed to comply with directive to turn in his paycheck on August 16, 2013, because he discovered that money was missing from his room; (4) that same day, he had the cell phone so that he could talk to his children; (5) he failed to comply with the directive to turn in his paycheck on August 19, 2013,[4] because he did not have any money; (6) he got a job and was planning to meet his obligations and support his family; and (7) he has not used illegal drugs during supervision or committed new crimes.

Upon review, we conclude that "[t]he record shows that the court adequately considered the sentencing factors" and "heard sentencing arguments from [Hopkins]" about the "facts" underlying the revocation violations. *See United States v. Maldonado*, 546 F. App'x 609, 609 (8th Cir. 2013). Hopkins has not rebutted the presumption of reasonableness.

---

[3]Hopkins's counsel erroneously stated at the revocation hearing that Hopkins went to the mall on August 16, 2013. The "Petition to Revoke Supervision" lists the date as August 7, 2013.

[4]Hopkins's counsel erroneously stated at the revocation hearing that Hopkins failed to comply with the directive to turn in his paycheck on July 19, 2013. The "Petition to Revoke Supervision" lists the date as August 19, 2013.

### III. *Conclusion*

Accordingly, we affirm the judgment of the district court.

_____