# United States Court of Appeals
## For the Eighth Circuit

_____

No. 15-1717
_____

United States of America

*Plaintiff - Appellee*

v.

Dontavious Reginald Barbee

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Northern District of Iowa - Waterloo
_____

Submitted: February 29, 2016
Filed: April 14, 2016
[Unpublished]
_____

Before RILEY, Chief Judge, MELLOY and GRUENDER, Circuit Judges.
_____

PER CURIAM.

In September 2014, Waterloo police arrested Dontavious Reginald Barbee after he placed a loaded firearm under a car parked outside of a night club. Barbee pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C.

§ 922(g)(1). Over Barbee's objection, the district court[1] assessed a four-level enhancement for possessing the firearm in connection with another felony offense. The court sentenced him to 100 months' imprisonment, a sentence at the bottom of the advisory sentencing guidelines range. We affirm.

In this appeal, Barbee raises two challenges to the district court's sentence. First, he argues that the district court erred by applying the four-level enhancement under USSG § 2K2.1(b)(6)(B). We review *de novo* the district court's interpretation and application of the Guidelines. *United States v. Betts*, 509 F.3d 441, 445 (8th Cir. 2007). Section 2K2.1(b)(6)(B) provides for a four-level upward adjustment if the defendant "[u]sed or possessed any firearm or ammunition in connection with another felony offense." The other felony offense at issue here is also a firearm-possession offense. *See* Iowa Code § 724.4(1). Barbee claims that his illegal possession of a firearm under Iowa Code § 724.4(1) does not constitute "another felony offense" distinct from his illegal firearm possession under 18 U.S.C. § 922(g)(1). He argues that a firearm-possession offense cannot serve as the basis for this enhancement because "the gravamen of both crimes is the act of prohibited possession" of a firearm.

However, Barbee acknowledges that our decision in *United States v. Walker*, 771 F.3d 449 (8th Cir. 2014), forecloses his argument. In *Walker*, we upheld the district court's application of an enhancement under § 2K2.1(b)(6)(B) after the district court found that the defendant violated Iowa Code § 724.4(1)—the same Iowa statute at issue here. *Id.* at 452-53. The case hinged on our interpretation of Application Note 14(C), which defines "[a]nother felony offense" to include all federal, state, or local felonies "other than the . . . firearms possession . . . offense." § 2K2.1 cmt. n.14(C). We interpreted this definition as creating a narrow exception to the

---

[1]The Honorable Linda R. Reade, Chief Judge, United States District Court for the Northern District of Iowa.

enhancement: a separate offense qualifies as "another felony offense" distinct from the felon-in-possession offense unless "a defendant 'could not have committed the underlying federal offense without also violating the state offense that the district court used to support the [enhancement].'" *Walker*, 771 F.3d at 452 (alteration in original) (quoting *United States v. Jackson*, 633 F.3d 703, 707 (8th Cir. 2011)). After finding that a defendant does not "automatically" violate Iowa Code § 724.4(1) by possessing a firearm as a felon, we affirmed the imposition of the four-level enhancement. *Id.* at 452-53. Accordingly, we are bound by *Walker*, and we thus reject Barbee's argument that the district court erred by imposing the four-level firearm enhancement here. *See Owsley v. Luebbers*, 281 F.3d 687, 690 (8th Cir. 2002) ("It is a cardinal rule in our circuit that one panel is bound by the decision of a prior panel.").

Barbee also argues that the sentence is substantively unreasonable. We review the substantive reasonableness of the sentence under an abuse-of-discretion standard. *United States v. Feemster*, 572 F.3d 455, 461 (8th Cir. 2009) (en banc). Where the district court imposes a sentence within the advisory guideline range, we accord the sentence a presumption of reasonableness. *United States v. Bauer*, 626 F.3d 1004, 1010 (8th Cir. 2010). "[T]his presumption may be rebutted by reference to the factors listed in 18 U.S.C. § 3553(a)." *United States v. Peck*, 496 F.3d 885, 891 (8th Cir. 2007). Barbee "must show that the 'district court failed to consider a relevant factor that should have received significant weight, gave significant weight to an improper or irrelevant factor, or considered only appropriate factors but nevertheless committed a clear error of judgment.'" *Id.* (quoting *United States v. Cadenas*, 445 F.3d 1091, 1094 (8th Cir. 2006)).

Barbee has not rebutted the presumption of reasonableness. The district court carefully considered the factors listed in 18 U.S.C. § 3553(a) before rejecting Barbee's arguments for a downward variance. The court discussed several aggravating factors, including Barbee's history of committing violent crimes and the fact that his violent

conduct had escalated.  The court also noted that Barbee had "considerable unscored criminal history" and found that he "is at a high risk to recidivate."  The court concluded that the 100-month sentence "is sufficient but not greater than necessary to achieve the goals of sentencing."  The district court did not abuse its discretion in imposing a within-guidelines-range sentence.  *See United States v. Stults*, 575 F.3d 834, 849 (8th Cir. 2009) ("Where the district court in imposing a sentence makes 'an individualized assessment based on the facts presented,' addressing the defendant's proffered information in its consideration of the § 3553(a) factors, such sentence is not unreasonable." (quoting *Gall v. United States*, 552 U.S. 38, 50 (2007))).

For the foregoing reasons, we affirm.

_____