# United States Court of Appeals
### For the Eighth Circuit

_____

No. 16-1822
_____

United States of America

*Plaintiff - Appellee*

v.

Hector Ruiz Ramos

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Des Moines

_____

Submitted: January 9, 2017
Filed: May 22, 2017
[Unpublished]

_____

Before SMITH,[1] GRUENDER, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

_____

[1]The Honorable Lavenski R. Smith became Chief Judge of the United States
Court of Appeals for the Eighth Circuit on March 11, 2017.

Hector Ruiz Ramos appeals his 168-month sentence for conspiracy to distribute methamphetamine and conspiracy to commit money laundering, arguing that his sentence is unreasonable. We affirm the judgment of the district court.[2]

## I. *Background*

Ramos pleaded guilty pursuant to a written plea agreement to conspiracy to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846, and conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h). According to the presentence investigation report (PSR),[3] Ruiz was involved in a drug-trafficking organization in which he was the "right-hand-man" of the "main head" of the organization. "Ruiz provided bulk quantities of methamphetamine to four separate sub-distributors . . . ." The organization used multiple individuals to count drug proceeds and to deposit and wire money. Ruiz provided bank account numbers for the purpose of wiring drug proceeds to the supplier. Ruiz was "known to carry firearms." He had actively sought to obtain firearms from a cooperating defendant, possessed guns during collection of a drug debt, and had ammunition when law enforcement executed a search warrant on his residence.

Prior to sentencing, the parties entered a supplemental agreement pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C). The parties made the following "Joint Sentencing Recommendation":

> Under Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the parties agree that the appropriate advisory United States Sentencing Guidelines range is 210–262 months, based upon Base Offense Level 36, plus 2 levels for money laundering, plus 2 levels for a firearm

---

[2]The Honorable James E. Gritzner, United States District Judge for the Southern District of Iowa.

[3]At sentencing, the district court accepted the factual findings in the PSR without objection.

under 2D1.1(b)(2), less 3 levels for acceptance of responsibility. The Defendant may advocate for a lower sentence taking into account factors under Title 18, United States Code, Section 3553(a). The Government agrees to advocate for a sentence no greater than the agreed upon advisory guideline range of 210–262 months.

At sentencing, the district court accepted the plea agreement and supplemental agreement and agreed to be bound by those agreements. The government moved under U.S.S.G. § 5K1.1 for a sentencing reduction, and the court granted a 20-percent reduction. Thereafter, Ruiz's counsel argued for a downward variance from the Guidelines range under the 18 U.S.C. § 3553(a) factors. Counsel based her argument on Ruiz's lack of criminal history, including lack of juvenile criminal history; his history of gainful employment; and the fact that "he left Guatemala because of some legitimate fears from the Zetas," a drug cartel. Counsel characterized Ruiz as "highly unlikely . . . [to] re-offend given his lack of criminal history." Counsel advocated for an offense level of 31. In his allocution, Ruiz apologized for committing the drug- and money-laundering offenses, stating that he had no idea of the harm that he was doing to himself and to others. He said, "I lost my freedom, my wife, and the American dream, which cost me so much to attain." The government requested a sentence of 168 months' imprisonment based on a starting point of 210 months (the low end of the Guidelines range, minus the 20-percent reduction).

The court sentenced Ruiz to 168 months' imprisonment. In explaining its sentence, the district court acknowledged that it had "considered all of the factors under Section 3553(a)," although the court found it unnecessary "to discuss all of them for purposes of the sentence." The court recognized the "substantial benefit in the sentencing" that Ruiz gained from his cooperation, "even though that has cost him some inconvenience and some personal difficulty." According to the court, "the seriousness of the offense" drove Ruiz's sentence. While the court "recognize[d] [Ruiz's] lack of criminal history at least in this country here," the court commented to Ruiz that "once you got into it, you got in pretty deep, and so the court has to

respond to that." As to the need to protect the public from further crimes of Ruiz, the court acknowledged that Ruiz's "record suggests that [this factor] should not be a big concern except for the fact that [Ruiz] got in pretty seriously when [he] did." The court was also "concerned about seeking some level of consistency and avoiding unwarranted sentencing disparity among defendants with similar records who have been found guilty of similar conduct." After considering that Ruiz "gained some benefit" in obtaining a sentencing reduction for his cooperation "and comparing it to the lack of criminal history and the seriousness of the offense," the court found that a 210-month sentence—the bottom of the Guidelines—was "fully sufficient while not greater than necessary." The court then applied the 20-percent sentencing reduction, resulting in a 168-month sentence on both counts to be run concurrently.

## II. *Discussion*

On appeal, Ruiz argues that the district court abused its discretion in sentencing him to 168 months' imprisonment. *See United States v. Jones*, 509 F.3d 911, 913 (8th Cir. 2007) ("We review a challenge to the reasonableness of a sentence for abuse of discretion."). Ruiz acknowledges that his sentence is presumptively reasonable because it falls within the applicable Guidelines range. *See United States v. San–Miguel*, 634 F.3d 471, 475 (8th Cir. 2011) ("A sentence that falls within a properly-calculated advisory guidelines range . . . is presumptively reasonable on appeal."). Nonetheless, Ruiz asserts that he rebutted this presumption because the district court should have (1) placed less weight on the seriousness of the offense; (2) given substantially more weight to his lack of criminal history and the fact that he fled Guatemala to escape a drug cartel; and (3) not insinuated that Ruiz had a criminal history in other countries when it stated that Ruiz had a "lack of criminal history at least in this country." *See United States v. Cadenas*, 445 F.3d 1091, 1094 (8th Cir. 2006) ("Although a sentence within [the Guidelines] range is presumed reasonable, that presumption may be rebutted by reference to the factors listed in § 3553(a)." (citation omitted)).

Having carefully reviewed the record, we conclude that Ruiz did not rebut the presumption that his 168-month sentence is reasonable. The district court stated that it had considered all of the § 3553(a) factors; it was unnecessary for the court to "mechanically recite each of the § 3553(a) factors." *Id.* The court specifically referenced "the nature and circumstances of the offense and the history and characteristics of the defendant." *See* 18 U.S.C. § 3553(a)(1). The court acknowledged Ruiz's argument that he lacked a criminal history, but it offset this lack of history by focusing on the seriousness of his offenses. The court did not specifically mention Ruiz's flight from Guatemala due to gang activity. The court, however, heard Ruiz's argument respecting this consideration. The court was not obligated to expressly respond to every argument that Ruiz made, and nothing in the record indicates the court ignored it. *See United States v. Vanhorn*, 740 F.3d 1166, 1169 (8th Cir. 2014) ("The district court 'need not specifically respond to every argument made by the defendant, or mechanically recite each § 3553(a) factor.'" (quoting *United States v. French*, 719 F.3d 1002, 1007 (8th Cir. 2013))). Nor do we find that the district court improperly insinuated that Ruiz had a criminal history in another country; instead, the district court merely appropriately acknowledged Ruiz's lack of criminal history in the United States.

In summary, "our review of [the record] shows that the district court considered [the § 3553(a) factors], weighed them properly[,] and did not commit a clear error of judgment in arriving at [Ruiz's] sentence, which was within the range of choice dictated by the facts of the case." *See United States v. Peck*, 496 F.3d 885, 892 (8th Cir. 2007).

### III. *Conclusion*
Accordingly, we affirm the judgment of the district court.

_____